KASSIN v ARC-MATION, INC

Docket No. 78-3031. Submitted October 11, 1979, at Detroit.—Decided
        December 10, 1979. Leave to appeal applied for.

    On October 8, 1975, Oxford Precise Casting, Inc. (OPC) purchased
        a majority interest in Arc-Mation, Inc. Paragraph 4 of the
        contract to purchase read as follows: "Purchaser agrees that it
        is the intention of the parties that all the creditors of Arc-
        Mation, Inc., will be satisfied by payment or agreed upon
        compromise between purchaser and respective creditors. In any
        event, purchaser shall not permit the filing of any voluntary
        petition in bankruptcy or receiverships to make any assign-
        ment for the benefit of creditors." Subsequently, Robert Kassin,
        a creditor of Arc-Mation, filed a complaint in district court
        against Arc-Mation and OPC, requesting payment by OPC of
        Arc-Mation's debt to plaintiff. The district court entered sum-
        mary judgment for plaintiff against OPC. OPC appealed to
        Oakland Circuit Court. Alice L. Gilbert, J., dismissed the ap-
        peal on her own motion for noncompliance with the court rules
        and lack of diligence, determining that OPC had abandoned the
        appeal. Defendant OPC appeals by leave granted alleging 1)
        that the circuit court abused its discretion by dismissing the
        appeal and 2) that an affidavit filed by OPC created an issue of
        fact as to the meaning of the above-quoted paragraph in the
        purchase contract. Held:

        1. OPC was required to file a brief in circuit court within 20
        days after the district court gave notice that the records had
        been transmitted to circuit court. However, due to an adminis-
        trative error, the district court failed to transmit the record.
        Thus, OPC's brief must be considered timely filed. The circuit
        court is reversed and the appeal is reinstated.

        2. The Court of Appeals will decide the substantive issue

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 963.

[2] 17 Am Jur 2d, Contracts § 244.

[3] 17 Am Jur 2d, Contracts § 77.

    30 Am Jur 2d, Evidence § 1018.

    Comment note on the parol evidence rule and admissibility of
        extrinsic evidence to establish or clarify ambiguity in written
        contract. 40 ALR 3d 1384.

rather than remand the cause because the parties have requested a decision and the only issue is a question of law which is addressed by the record and briefs.

3. Paragraph 4 of the purchase contract clearly indicates that OPC was assuming responsibility for the debts of Arc-Mation. The affidavit submitted by OPC is inconsistent with the written language of that provision and is not admissible and as such cannot create a material question of fact. The district judge did not err in granting summary judgment for plaintiff.

The judgment of the district court is affirmed.

1. APPEAL AND ERROR — QUESTIONS OF LAW — NO REMAND — DECISION BY APPEALS COURT.

Remand to the trial court for a hearing on the merits is unnecessary where the parties have requested the Court of Appeals to decide the matter and the only issue is a question of law which is addressed in the briefs and record on appeal.

2. CONTRACTS — CONSTRUCTION — INTENT OF PARTIES.

The primary rule of construction in construing contracts is to ascertain the intent of the parties.

3. CONTRACTS — EVIDENCE — PAROL EVIDENCE — EXTRINSIC EVIDENCE — ADMISSIBILITY.

Extrinsic evidence of antecedent or contemporaneous understandings and negotiations is not admissible for the purpose of varying or contradicting a written contract wherein two parties have entered into a contract and have expressed it in a writing which they both assented to as being the complete and accurate integration of that contract.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *A. Albert Sugar* and *Richard D. Toth),* for plaintiff.

*Beier, Howlett, McConnell, Googasian & McCann* (by *Stephen J. Hopkins),* for defendant.

Before: J. H. GILLIS, P.J., and V. J. BRENNAN and MACKENZIE, JJ.

PER CURIAM. Defendant Oxford Precise Casting, Inc. (OPC) appeals by leave from the dismissal of its appeal to Oakland County Circuit Court from

an order granting summary judgment on a $5,000 loan entered in Oakland County District Court.

On October 8, 1975, defendant OPC purchased a majority interest in Arc-Mation, Inc. Paragraph 4 of the contract to purchase reads as follows:

"Purchaser agrees that it is the intention of the parties that all the creditors of Arc-Mation, Inc., will be satisfied by payment or agreed upon compromise between purchaser and respective creditors. In any event, purchaser shall not permit the filing of any voluntary petition in bankruptcy or receiverships to make any assignment for the benefit of creditors."

Plaintiff Robert Kassin, a creditor of Arc-Mation, filed a complaint in the 52nd-3rd Division District Court against Arc-Mation and OPC, requesting payment by OPC of Arc-Mation's debt to plaintiff. On January 7, 1977, the Honorable Mildred Vlaich entered an order granting summary judgment for plaintiff against OPC.

On January 26, 1977, a claim of appeal, reasons and grounds of appeal, and appeal bond were filed in district court. Copies were filed in Oakland Circuit Court on January 31, 1977. The record on appeal was settled by stipulation and order, and transcript was ordered. Transcript was filed on March 22, 1977. Plaintiff's counsel filed his appearance in circuit court on February 7, 1977. Defendant OPC filed its brief on appeal on December 13, 1977. Trial was set for January 6, 1978, but was adjourned by stipulation. It was later scheduled for May 1, 1978.

On May 1, 1978, after argument by both counsel, the circuit court judge, on her own motion, dismissed the appeal after first noting that the file contained only two unsigned papers filed by OPC, the claim of appeal and reasons and grounds of

appeal, a signed appearance on behalf of plaintiff and an order for adjournment. She determined that the appeal had been abandoned and that appropriate court rules had not been followed by defendant OPC.

The record contains an affidavit of the district court's civil clerk to the effect that she was responsible for transmitting file contents to the Oakland Circuit Court as required by the Michigan General Court Rules. In the affidavit she swore that the file in the present case should have been transmitted to the Oakland County Circuit Court in February of 1977 but, through an oversight, was not so transmitted, and as of May 5, 1978, was still not transmitted. The record was subsequently received by the Oakland Circuit Court on May 11, 1978, after the appeal had been dismissed.

Defendant OPC alleges that the circuit court abused its discretion when it dismissed the appeal for noncompliance with court rules and lack of diligence.

The procedural propriety of defendant OPC's appeal is to be tested under the provisions of GCR 1963, 705 (repealed July, 1977). GCR 1963, 701 replaced the earlier provision but only had prospective effect. *Moore v Spangler,* 401 Mich 360, 368; 258 NW2d 34 (1977). Therefore, as in *Samuel Reiter Painting Co v Bill Miedler Homes, Inc,* 87 Mich App 75, 77; 273 NW2d 592 (1978), we consider defendant OPC's claim under the court rules in effect at the time defendant filed its claim of appeal.

We hold that defendant OPC complied with the provisions of GCR 1963, 705. Defendant OPC was required to file a brief in the circuit court within 20 days after the district court gave notice that the record had been transmitted to the circuit

court. As the district court failed to transmit the record due to an administrative error on its part, we hold that defendant OPC's brief was timely under the provisions of GCR 1963, 705. The decision of the circuit court is hereby reversed and the appeal is reinstated.

However, rather than remand for a hearing on the merits, the parties have requested that this Court decide the matter at this time as the only issue is a question of law that the present record and briefs address.

Initially, it should be noted that the validity of the debt owed to plaintiff by Arc-Mation is not an issue. Rather it is the meaning of the agreement between OPC and Arc-Mation which is in contention.

Plaintiff takes the position that the above-quoted paragraph 4 of the contract *to purchase* constituted an agreement by defendant OPC, as Arc-Mation's purchaser, to pay the creditors of Arc-Mation. The district court in the original suit on the debt also construed that provision to constitute a promise by OPC to pay Arc-Mation's creditors.

Defendant OPC takes the position that the agreement in question was intended to express nothing more than the willingness and intention of defendant OPC to use its best efforts to pay the creditors of Arc-Mation. To support this contention defendant OPC submitted an affidavit executed by the president of OPC, denying that it was the intent of the parties that OPC assume all of Arc-Mation's debts. Defendant OPC claims that this affidavit created a material issue of fact which made the grant of summary judgment by the district court erroneous.

In construing a contract the primary rule of construction is to ascertain the intent of the par-

ties. *Amoco Oil Co v Kraft,* 89 Mich App 270, 273; 280 NW2d 505 (1979). The language of the disputed provision in the present case clearly indicates that defendant OPC was assuming responsibility for the debts of Arc-Mation. The language used was clear and unambiguous and not susceptible to a contrary interpretation.

When two parties have made a contract and have expressed it in a writing which they have both assented to as being the complete and accurate integration of that contract, then extrinsic evidence of antecedent or contemporaneous understandings and negotiations is not admissible for the purpose of varying or contradicting the writing. *NAG Enterprises, Inc v All State Industries Inc,* 85 Mich App 194, 198; 270 NW2d 738 (1978).

In the present case, because the contract provision is unambiguous and unconditional on its face and the affidavit that OPC has submitted is inconsistent with the written language of that provision, the affidavit is not admissible and as such cannot create a material question of fact. Therefore, the district court judge did not err in granting summary judgment in favor of plaintiff.

The judgment of the district court is affirmed. Costs to plaintiff.