HILL v FORD MOTOR COMPANY

Docket No. 113577. Submitted October 20, 1989, at Detroit. Decided
December 7, 1989.

Plaintiff, Kenneth Hill, took a voluntary early retirement from
employment with defendant, Ford Motor Company. Plaintiff
was an eligible participant and beneficiary in defendant's Gen-
eral Retirement Plan, an employee benefit under the federal
Employee Retirement Income Security Act (ERISA). The plan
entitled plaintiff to receive both basic retirement benefits and
certain supplemental benefits. After plaintiff was informed that
the supplemental benefits would be paid contrary to his expec-
tations, plaintiff brought an action against defendant in the
Wayne Circuit Court. In Count I he sought declaratory relief
regarding his rights to supplemental benefits under the plan.
Count II contained allegations of breach of contract based upon
the various publications provided by defendant describing the
supplemental benefits available under the plan. Count III al-
leged misrepresentation whereby plaintiff was induced into
accepting early retirement in reliance upon various representa-
tions by defendant that allegedly proved to be false. The trial
court, Thomas Roumell, J., denied defendant's motion for sum-
mary disposition as to all three counts. The Court of Appeals
denied defendant leave to appeal with respect to Count I, but
reversed the lower court with respect to Counts II and III,
finding that plaintiff's claims were preempted by the ERISA, 29
USC 1144(a). (Docket No. 92542). Plaintiff, in regard to Counts
II and III, sought leave to appeal to the Supreme Court which,
in lieu of granting leave to appeal, vacated the decision of the
Court of Appeals and remanded back to the Court of Appeals
for reconsideration as on leave granted in light of *Teper v Park
West Galleries, Inc,* 431 Mich 202 (1988). 431 Mich 900 (1988).

The Court of Appeals *held:*

REFERENCES

Am Jur 2d, Appeal and Error § 747; Pensions and Retirement
Funds §§ 115-118.
See the Index to Annotations under Employee Retirement Income
Security Act; Law of the Case.

1. The law of the case doctrine does not require the Court of Appeals to rule that plaintiff's claims are not preempted.

2. Plaintiff's misrepresentation claim, Count III, does not relate to defendant's employee benefit plan and, therefore, is not preempted by the ERISA. Therefore, the trial court did not err in denying defendant's motion for summary disposition with respect to count III.

3. Plaintiff's breach of contract claim, Count II, relates to defendant's employee benefit plan and, thus, is preempted by the ERISA. The trial court erred in denying defendant's motion for summary disposition with respect to Count II.

Affirmed in part, reversed in part and remanded.

1. APPEAL — LAW OF THE CASE.

The law of the case announced in the higher appellate court supersedes that set forth in the intermediate appellate court where a case is taken on appeal to a higher appellate court.

2. APPEAL — LAW OF THE CASE.

The law of the case doctrine does not apply to an action in the Court of Appeals where, following the Court of Appeals reversal of the lower court, the Supreme Court, in lieu of granting leave to appeal, vacated the decision by the Court of Appeals and remanded the case back to the Court of Appeals for reconsideration as on leave granted in light of a cited Supreme Court case.

3. LABOR RELATIONS — EMPLOYEE RETIREMENT INCOME SECURITY ACT — PREEMPTION.

State laws that "relate to" an employee benefit plan are expressly preempted by the federal Employee Retirement Income Security Act; state law is preempted if it "relates to" an employee benefit plan by (1) altering the level of benefits which would be paid out under a given plan from state to state, (2) altering the terms of the plan such as requirements for eligibility, or (3) subjecting the fiduciaries of a plan to claims other than those provided in the ERISA itself; ERISA preemption turns upon whether state law places any fiscal, administrative, or legal burdens upon the plan (29 USC 1144[a]).

*Snyder & Handler, P.C.* (by *David S. Snyder* and *Michael W. Bartnik*), for plaintiff.

*James C. Curtiss,* for defendant.

Before: Maher, P.J., and Marilyn Kelly and H. E. Deming,* JJ.

Per Curiam. The Michigan Supreme Court has vacated our prior order in this matter and remanded for reconsideration as on leave granted in light of *Teper v Park West Galleries, Inc,* 431 Mich 202; 427 NW2d 535 (1988), reh den 431 Mich 1207 (1988). See 431 Mich 900 (1988). Upon reconsideration, we reverse the trial court's decision with respect to Count II of plaintiff's complaint but affirm as to Count III.

This case concerns whether plaintiff's state law claims for breach of contract and misrepresentation are preempted by § 514 of the Employee Retirement Income Security Act, 29 USC 1144(a) (ERISA). Plaintiff, a long time salaried employee of defendant, took a voluntary early retirement effective June 1, 1982, twelve years prior to his scheduled retirement. As a salaried employee, plaintiff was an eligible participant and beneficiary in defendant's General Retirement Plan, an employee benefit plan under the ERISA. This plan entitled plaintiff to receive both basic retirement benefits and certain supplemental benefits.

Plaintiff alleged that, prior to deciding to accept early retirement, he reviewed various documents, bulletins and notices provided by defendant, attended early retirement seminars, and met with members of defendant's personnel staff in order to ascertain the various benefits to which he would be entitled. Plaintiff alleged he specifically inquired about entitlement to supplemental benefits under the plan, and was informed that outside earnings in excess of a given sum during a calendar year would cause a penalty deduction in the

---

* Former circuit judge, sitting on the Court of Appeals by assignment.

supplemental benefits for the balance of that calendar year. In particular, plaintiff alleged he was informed that the penalty reductions applied only to excess earnings for the same calendar year and that calculations began anew at the beginning of each successive calendar year.

After accepting the early retirement offer, plaintiff obtained outside employment and reported his earnings as required under the plan. Thereafter, however, plaintiff alleged he was informed, contrary to his prior understanding, that his excess earnings for that calendar year would be applied cumulatively and operate to deprive him of supplemental benefits otherwise due in subsequent years until the excess earnings had been fully consumed.

After plaintiff was informed the supplemental benefits would not be paid in accordance with his understanding, he commenced the instant action with the filing of a three-count complaint. Count I of his complaint sought declaratory relief regarding his rights to supplemental benefits under the plan. Count II contained an action for breach of contract based upon the various publications provided by defendant describing the supplemental benefits available under the plan. Finally, Count III contained an action for misrepresentation wherein plaintiff alleged that he was induced into accepting early retirement in reliance upon various representations by defendant that proved to be false. Plaintiff alleged that, but for the representations, he would not have surrendered his then existing seniority, salary and fringe benefit package.

After the lower court denied defendant's motion for summary disposition as to all three counts, an application for leave to appeal to this Court was filed. We denied leave with respect to Count I, but reversed the lower court's decision with respect to

Counts II and III, finding that plaintiff's claims were preempted by 29 USC 1144. Plaintiff then sought leave to appeal our ruling to the Michigan Supreme Court which, in lieu of granting leave to appeal, vacated our decision and remanded back to us for reconsideration as on leave granted in light of *Teper, supra.*

Initially, we note that consideration of the lower court's ruling with respect to Count I of plaintiff's complaint is not properly before us inasmuch as we originally declined to grant leave on this claim and plaintiff's application for leave to appeal to the Supreme Court addressed Counts II and III only. Accordingly, we will not address this claim.

Additionally, we disagree with plaintiff's contention that the law of the case doctrine requires us to rule that his claims are not preempted. Plaintiff correctly points out that, where a case is taken on appeal to a higher appellate court, the law of the case announced in the higher appellate court supersedes that set forth in the intermediate appellate court, *Johnson v White,* 430 Mich 47, 53; 420 NW2d 87 (1988).

However, plaintiff is incorrect in his assertion that the effect of the Supreme Court's order in this case was to reverse this Court's prior order. First, leave to appeal was never granted by the Supreme Court. Instead, it vacated our prior decision in lieu of granting leave. Thus, there was never any decision by the Supreme Court and no law of the case established there. Second, the order of the Supreme Court did not reverse our prior order as apparently contended by plaintiff, but merely vacated it with directions to reconsider plaintiff's claims in light of *Teper.* Accordingly, the law of the case doctrine does not apply in this case.

With respect to the remaining two claims, we are required to determine whether plaintiff's ac-

tions for breach of contract and misrepresentation "relate to" defendant's retirement plan. Under the ERISA, state laws that "relate to" an employee benefit plan are expressly preempted. 29 USC 1144(a). In *Teper, supra,* p 221, our Supreme Court found that a state law is preempted if it "relates to" an employee benefit plan by

> 1) altering the level of benefits which would be paid out under a given plan from state to state, 2) altering the terms of the plan such as requirements for eligibility, or 3) subjecting the fiduciaries of a plan to claims other than those provided in the ERISA itself.

The Court stated that ERISA preemption "turns upon whether state law places any fiscal, administrative, or legal burdens upon the plan." *Teper,* 218. In addition, the Court indicated that preemption exists only where there is a real, if only indirect, relationship between the challenged state law and an employee benefit plan. *Teper,* 220. The Court ultimately found that an award of future pension benefits in a wrongful discharge action against the employer, rather than the plan or fiduciary of the plan, did not "relate to" the plan and was not preempted.

We will first address plaintiff's claim for misrepresentation. In our view, this claim does not "relate to" the plan, and therefore, is not preempted by ERISA. Plaintiff's misrepresentation claim is not based upon any misrepresentation within the plan itself, but is, instead, based upon alleged representations made by the employer prior to plaintiff's participation in the plan. Further, plaintiff is not suing for actual supplemental benefits allegedly due under the plan, but is seeking damages for alleged misrepresentations concerning the amount of benefits plaintiff would ultimately be entitled to

receive if he were to accept early retirement. In effect, plaintiff is claiming that, irrespective of the actual terms and conditions of the plan itself, he is entitled to additional damages, not under the plan, but pursuant to the various representations made by defendant. Additionally, plaintiff is not seeking to impose liability on either the plan or the fiduciary, but on the employer who allegedly made the false representations.

Accordingly, because plaintiff's misrepresentation claim is based upon representations independent of the plan itself, and does not seek actual benefits under the plan, the claim will not alter the level of benefits paid out under a plan from state to state, nor will it alter the terms of the plan. Further, because plaintiff's claim is against the employer, there is no danger that the fiduciary will be subjected to claims other than those provided in the ERISA. Finally, there is no fiscal, administrative or legal burden imposed on an employee benefit plan by requiring that the employer refrain from misrepresenting the availability of benefits.

Thus, in light of our Supreme Court's decision in *Teper, supra,* we are unable to conclude that plaintiff's misrepresentation claim "relates to" defendant's employee benefit plan. As a result, plaintiff's state law claim is not preempted by the ERISA. Accordingly, the trial court did not err in denying defendant's motion for summary disposition with respect to this claim.

We agree with defendant, however, that plaintiff's breach of contract claim "relates to" the plan and, thus, is preempted by the ERISA. The alleged breach of contract complained of in the complaint is the deprivation of "supplemental benefits due to plaintiff under the General Retirement Plan for

salaried employees." Thus, plaintiff is seeking actual benefits alleged to be due *under the plan,* rather than benefits otherwise due pursuant to an independent contract. In this situation, plaintiff is attempting to have his entitlement to supplemental benefits under the plan determined on the basis of a breach of contract action governed by state law. By attempting to determine entitlement to supplemental benefits on the basis of state law, plaintiff's claim would clearly have the effect of altering the level of benefits payable under a given plan from state to state. *Teper, supra,* p 214. Therefore, plaintiff's breach of contract claim "relates to" defendant's employee benefit plan and is preempted by the ERISA. Accordingly, defendant was entitled to summary disposition as to the breach of contract claim.

Affirmed in part, reversed in part and remanded.