INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE
AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA,
UAW, LOCAL 6000 v STATE OF MICHIGAN

HAIK v STATE OF MICHIGAN

Docket Nos. 154650, 154651. Submitted November 17, 1994, at Detroit. Decided May 19, 1995, at 9:55 A.M.

The International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW, Local 6000 brought an action in the Wayne Circuit Court against the State of Michigan and the Department of Mental Health and its director, seeking injunctive and declaratory relief and a writ of mandamus to prevent a reduction of services at the Lafayette Clinic and the layoff of union members employed at the clinic.

Pearl Haik and other patients of the clinic, as well as the Mental Health Association of Michigan, brought a similar action in the Wayne Circuit Court against the same defendants, seeking similar relief.

The court, Richard P. Hathaway, J., entered preliminary injunctions preventing the defendants from laying off employees of the clinic, from eliminating certain programs, and from otherwise reducing the size and nature of the services offered at the clinic. The court also ordered the defendants to reopen admissions at the clinic and to readmit patients who were discharged or transferred because of the reduction of services at the clinic. The defendants appealed in each case, and the appeals were consolidated.

The Court of Appeals, CAVANAGH, P.J., and WAHLS and FITZGERALD, JJ., affirmed the preliminary injunctions, holding that the trial court properly found that the plaintiffs had shown a substantial likelihood of success on the merits of their constitutional claims, that the plaintiffs had shown a substantial likelihood of success on the merits of their argument that the downsizing of the clinic violated several provisions of the Mental Health Code, MCL 330.1900 et seq.; MSA 14.800(900) et seq., that the injunctions were appropriate as aids in arbitra-

REFERENCES

Am Jur 2d, Appeal and Error §§ 744, 746.
See ALR Index under Law of the Case.

tion to preserve the status quo and to ensure against an arbitration award being rendered a nullity, that the trial court did not err in concluding that the individual plaintiffs demonstrated likely irreparable harm in the absence of an injunction, and that the injunctions were not overbroad. 194 Mich App 489 (1992).

The Supreme Court, in lieu of granting leave to appeal, remanded the case to the trial court and ordered the trial court to adjudicate the question whether a permanent injunction should be issued. 440 Mich 858 (1992).

On remand, the trial court entered permanent injunctions against the defendants, who then appealed.

The Court of Appeals *held:*

1. Given facts and issues that materially are unchanged, the conclusions of law set forth in the prior Court of Appeals opinion are controlling pursuant to the doctrine of law of the case.

2. The defendants' claims regarding the propriety of the trial court's amendment of its injunctive orders and the Governor's authority to veto legislative appropriations for the clinic are moot.

Affirmed.

APPEAL — LAW OF THE CASE.

Under the doctrine of law of the case, a ruling by an appellate court on a legal question binds the appellate court and all lower tribunals and the question may not be determined differently in the same case where the facts remain materially the same; the doctrine applies to questions specifically determined in a prior decision and to questions necessarily determined in arriving at that decision.

*William A. Wertheimer, Jr.,* and *Nancy Schiffer,* for International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW, Local 6000.

*Susan K. McParland* and *Marilyn Mullane,* for Pearl Haik and others.

*Michael J. Barnhart,* for Mental Health Association of Michigan.

*Frank J. Kelley,* Attorney General, *Thomas L.*

*Casey,* Solicitor General, and *Clive D. Gemmill* and *Mark S. Meadows,* Assistant Attorneys General, for the defendants.

Before: MARILYN KELLY, P.J., and J. H. GILLIS* and M. D. SCHWARTZ,** JJ.

MARILYN KELLY, P.J. Defendants, the Michigan Department of Mental Health and others, appeal from grants of permanent injunctions in favor of plaintiffs, the UAW and former patients of the Lafayette Clinic. Appealing in consolidated cases, defendants assert that the trial court incorrectly interpreted a number of provisions of the Mental Health Code and the Michigan Constitution. We hold that, under the doctrine of the law of the case, the issues raised in this appeal which were previously decided by our Court may not be revisited. We find defendants' other issues to be moot.

I

The facts are not in dispute. Lafayette Clinic was downsized in 1991 and 1992 and ultimately closed. In March, 1992, the plaintiff union and individual patients filed complaints in Wayne Circuit Court seeking permanent injunctive and declaratory relief and a writ of mandamus. Following lengthy hearings, the judge concluded that plaintiffs had demonstrated a substantial likelihood of prevailing on the merits and granted preliminary injunctions. Defendants appealed to this Court and were granted leave. In an opinion dated June 5, 1992, a Court of Appeals panel affirmed the trial court's orders and opinion. *Int'l*

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Administrative Order No. 1994-7.
** Circuit judge, sitting on the Court of Appeals by assignment.

*Union v Michigan,* 194 Mich App 489, 499; 491 NW2d 855 (1992).

Our Supreme Court granted defendants' motion for immediate consideration, denied their motion for stay, denied leave to appeal and remanded to the trial court. It directed the trial court to adjudicate whether a permanent injunction should be issued and to enter an order within thirty days. *Int'l Union v Michigan,* 440 Mich 858 (1992).

On remand to the trial court, plaintiffs and defendants moved for summary disposition pursuant to MCR 2.116(C)(10). They presented no additional evidence. On July 13, 1992, the trial court entered a permanent injunction in plaintiff union's action. On July 15, 1992, it entered a permanent injunction in plaintiff patients' suit. Two days later, Governor Engler vetoed the appropriation for Lafayette Clinic for fiscal year 1992-1993. Thereafter, the trial judge amended his opinion to require that an amount equal to the full 1991-1992 appropriation for Lafayette Clinic be spent before the clinic closed. Defendants immediately appealed from the order. On October 15, 1992, our Court granted defendants' motion for peremptory reversal. The Supreme Court denied plaintiffs' application for leave to appeal. Defendants pursued the instant appeal as of right from entry of the permanent injunctions.

Defendants assert, inter alia, that the trial court misinterpreted the Mental Health Code which governed the operation of the Clinic.

II

A

Before proceeding further, we believe it necessary to determine whether the doctrine of the law

of the case limits our consideration of the issues defendants raise on appeal. Defendants assert that the doctrine has no application here. Plaintiffs respond that, when defendants originally appealed to our Court, we fully decided the issues defendants now place before us. See *Int'l Union, supra.* Plaintiffs argue that our Court's previous resolution of the issues is the law of the case which precludes further consideration of the same issues necessarily decided in the earlier appeal.·

The law of the case doctrine states that a ruling by an appellate court on a particular issue binds the appellate court and all lower tribunals as to that issue. *Poirier v Grand Blanc Twp (After Remand),* 192 Mich App 539, 546; 481 NW2d 762 (1992). The doctrine seeks to promote finality as to litigated issues and to prevent forum shopping. *People v Radowick,* 63 Mich App 734, 739; 235 NW2d 28 (1975). It is also based on an appellate court's lack of jurisdiction to modify its own judgments except on rehearing. *Johnson v White,* 430 Mich 47, 53; 420 NW2d 87 (1988). The law of the case doctrine is a discretionary rule of practice. *United States v United States Smelting, Refining & Mining Co,* 339 US 186, 198-199; 70 S Ct 537; 94 L Ed 750 (1950); *Locricchio v Evening News Ass'n,* 438 Mich 84, 109, n 13; 476 NW2d 112 (1991).

The doctrine applies to questions specifically determined in a prior decision and to questions necessarily determined to arrive at the decision. On the general applicability of the doctrine of law of the case our Supreme Court has written:

The law of the case doctrine dispenses with the need for this Court to again consider legal questions determined by our prior decision and necessary to it. As generally stated, the doctrine is that if an appellate court has passed on a legal question

and remanded the case for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same. [*CAF Investment Co v Saginaw Twp*, 410 Mich 428, 454; 302 NW2d 164 (1981). Citations omitted.]

In contrast to most cases where the doctrine has been invoked, however, here, the first appeal involved the review of the grant of a preliminary injunction not a permanent injunction. Defendants contend that the difference is significant and renders the doctrine of law of the case inapplicable. Consequently, we must decide if the distinction between an appeal following a preliminary injunction and an appeal following a permanent injunction requires us to consider the issues anew.

B

Defendants argue that our Court should not apply the law of the case doctrine to the holdings in the first *Int'l Union* case for the following reasons: First, review of the grant of a preliminary injunction is limited. The Appellate Court decides if the trial court properly granted the preliminary injunction by determining whether 1) the plaintiffs have shown a substantial likelihood of success on the merits of their claim; 2) the party seeking the injunction will suffer irreparable injury if the injunction is not issued; 3) the party seeking the injunction would be harmed more by the absence of the injunction than the opposing party would be by the granting of relief; and 4) the public interest will be harmed if the injunction is issued. *De Bruyn Produce Co v Romero*, 202 Mich App 92, 107, n 11; 508 NW2d 150 (1993). Once such a

determination has been made, no further consideration of the legal issues is required.

Second, a temporary injunction is a mechanism to maintain the status quo. Review of its propriety does not necessarily require the same rigorous analysis of legal principles required when an appeal is taken from a final judgment. Accordingly, defendants argue, application of the doctrine of law of the case to the decisions made during our review of the temporary injunction is inappropriate.

Third, federal authority suggests that the law of the case should not be based on determinations made during interlocutory proceedings. For example, the United States Supreme Court has said:

> We think that it requires a final judgment to sustain the application of the rule of the law of the case just as it does for the kindred rule of res judicata. And although the latter is a uniform rule, the "law of the case" is only a discretionary rule of practice. [*United States Smelting, Refining & Mining Co, supra,* p 199. Citations omitted.]

It has also observed:

> The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held. Given this limited purpose, and given the haste that is often necessary if those positions are to be preserved, a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits. A party thus is not required to prove his case in full at a preliminary-injunction hearing, and the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the

merits. [*Univ of Texas v Camenisch,* 451 US 390,
395; 101 S Ct 1830; 68 L Ed 2d 175 (1981). Cita-
tions omitted.]

See also *William G Wilcox, DO, PC v United
States,* 888 F2d 1111 (CA 6, 1989).

In asserting application of the doctrine, plaintiffs
argue that the legal issues defendants attempt to
raise in the present appeal were fully and neces-
sarily determined in the prior interlocutory ap-
peal.

C

We too believe that a distinction must be made
between decisions of trial courts on motions seek-
ing preliminary injunctions and decisions by appel-
late courts resolving legal issues involving those
injunctions. While the former are not considered
the law of the case for the reasons discussed above,
the same conclusion should not always be reached
regarding the latter.

First, it is settled that issues previously raised
and addressed by this Court in an interlocutory
appeal are binding on us in subsequent appeals,
the facts remaining materially the same. *Marys-
ville v Pate, Hirn & Bogue, Inc,* 196 Mich App 32,
33; 492 NW2d 481 (1992); *People v Freedland,* 178
Mich App 761, 770; 444 NW2d 250 (1989). Here, it
is undisputed that the facts remained materially
the same throughout this lengthy dispute.

Second, we have carefully reviewed the prior
decision of our Court in this case. The issues
defendants raise on appeal are essentially identical
to those our Court necessarily decided in order to
rule on the propriety of the grant of a preliminary
injunction. The decisions of our Court in the first
appeal are the law of the case.

D

However, we limit our holding to the unique facts of the case. The closing of Lafayette Clinic was a matter of intense public interest and massive scrutiny by the public media. A developing conflict between the Legislative and Executive branches of our state government further increased the significance of the case. The issues raised in the interlocutory appeal had far-reaching implications regarding the control, allocation and management of our state's limited public funds and resources. Consequently, in the first appeal, our Court engaged in extensive and thorough analysis of the legal issues and, necessarily, fully resolved them.

Because we conclude that the doctrine of the law of the case applies here, we will not revisit the issues which our Court fully resolved in *Int'l Union, supra.* We found that defendants had violated provisions of the Mental Health Code in downsizing the Clinic. We found that the contract with Wayne State University violated MCL 330.1902; MSA 14.800(902). We found that the trial court did not err in ruling that defendants had exceeded their discretion and constitutional authority; they had ignored the clear legislative intent and statutory directive to spend funds appropriated for the operation of Lafayette Clinic.

We found that defendants could not justify ignoring the Legislature's mandate to spend on the basis of the first sentence of Const 1963, art 5, § 20. We found that the Governor lacked authority to reduce or modify any specific item in an appropriations bill; a reduction amounted to a partial line item veto outside the scope of his authority. Const 1963, art 5, § 19. We found that the downsizing violated the legislative intent embodied in the

Mental Health Code. Moreover, the trial court's interpretation of 1991 PA 122 did not violate the Michigan Constitution. Const 1963, art 4, § 24.

### E

We also conclude that a number of issues defendants raise on appeal have been rendered moot by subsequent developments. Lafayette Clinic is closed. Our Court peremptorily declared that the trial court was without authority to amend its injunctive orders after claims of appeal had been filed. MCR 7.211(C)(4). By its decision, our Court affirmed the authority of the Governor's line item veto of the clinic's budget absent legislative action to override it.

As we noted, the Legislature failed to pass supplemental appropriations to permit continued operation of the clinic; unencumbered funds lapsed by operation of law at the close of the fiscal year. MCL 18.1451(1); MSA 3.516(451)(1). Thereafter, our Supreme Court denied plaintiffs' petition. Further consideration of the propriety of the trial court's decision to issue orders granting injunctive relief serves no purpose. Similarly, plaintiffs' challenge to the Governor's veto has been resolved in a manner favorable to defendants. Further consideration of the issue is unnecessary.

### F

We hold that, under the law of the case doctrine, the conclusions of law set forth in *Int'l Union, supra,* control. We decline to consider the issues further. We dismiss as moot defendants' claims regarding the propriety of the trial court's authority to amend its injunctive orders and challenges to the Governor's authority to veto Lafayette Clinic's budget.