## In re LOOSE (ON REMAND)

Docket No. 180168. Submitted November 15, 1994, at Lansing. Decided August 15, 1995, at 9:20 A.M.

   Antoinette P. Loose filed a complaint for superintending control in the Wayne Circuit Court to compel the Wayne County Civil Service Commission to set aside its determination that, by her failure to give adequate notice of the reason for her absence from work, she was deemed pursuant to contract to have resigned from her employment with the county. The court, Paul S. Teranes, J., reversed the decision of the commission, holding that a letter sent by the office of Loose's doctor that she should remain in bed until her next scheduled doctor's appointment satisfied the notice requirement of the collective bargaining agreement covering her employment and that the commission erred as a matter of law in construing the notice provision. The defendants appealed. The Court of Appeals, MARILYN KELLY, P.J., and SHEPHERD and CONNOR, JJ., reversed the order of the circuit court and reinstated the order of the commission, holding that because the commission properly found that the notice provision of the contract was ambiguous and then properly found that the notice required by the contract was "sufficient notice," the circuit court erred in setting aside the order of the commission on the basis that the commission had erred as a matter of law. 201 Mich App 361 (1993). The plaintiff appealed, and the Supreme Court remanded the matter to the Court of Appeals for reconsideration in light of In re Payne, 444 Mich 679 (1994). 447 Mich 904 (1994).

   The Court of Appeals held:

   The question addressed in In re Payne was the standard of review of factual findings of a municipal civil service commission, and a majority of the Supreme Court held that those findings should be accepted by a reviewing court only if supported by substantial evidence. Because the prior decision in this case did not involve a disputed question of fact, the holding in In re Payne is not in conflict with the prior holding in this

REFERENCES

Am Jur 2d, Appellate Review §§ 605-613, 822.
See ALR Index under Law of the Case; Remand.

case and, indeed, is in harmony with it. Because this matter was remanded for reconsideration in light of a particular decision, the Court of Appeals is not free to reopen the whole matter and, in fact, lacks jurisdiction to change its holding with respect to issues not encompassed by the order of remand. Even if the prior holding in this matter was in error with respect to other issues, the doctrine of the law of the case precludes reconsideration of those issues under these circumstances.

Order of the circuit court reversed.

MARILYN KELLY, P.J., dissenting, stated that the decision of the trial court should be affirmed, because it is the responsibility of the Court of Appeals to review thoroughly a case that has been remanded to the Court by the Supreme Court inasmuch as the order of remand for reconsideration in light of new case law has the effect of vacating the prior opinion of the Court of Appeals. The language in the contract at issue is unambiguous, and, accordingly, the trial court did not err in concluding that the commission made a clear error of law in requiring "sufficient notification" even though the contract requires "notification."

APPEAL — ORDERS OF REMAND — LAW OF THE CASE.

The Court of Appeals is not free in a case that has been remanded by the Supreme Court for reconsideration in light of a particular decision to reopen the whole matter and reconsider those issues that are not within the scope of the decision upon which the order of remand is based; the Court of Appeals lacks jurisdiction to change its holding with respect to issues not encompassed by the order of remand, those issues being subject to the doctrine of the law of the case.

*Schier, Deneweth & Parfitt, P.C.* (by *Carl F. Schier*), for Antoinette P. Loose.

*Jennifer M. Granholm,* Wayne County Corporation Counsel, and *Ellen E. Mason,* Assistant Corporation Counsel, for Wayne County and Wayne County Civil Service Commission.

Amicus Curiae:

*Jamil Akhtar,* for Local 3317 AFSCME, AFL-CIO.

ON REMAND

Before: Marilyn Kelly, P.J., and Connor and
Taylor, JJ.

Taylor, J. We review this case pursuant to an
order of remand by the Supreme Court. *In re
Loose,* 447 Mich 904 (1994). The order of remand
directed us to reconsider our earlier holding, *In re
Loose,* 201 Mich App 361; 505 NW2d 922 (1993), in
light of *In re Payne,* 444 Mich 679; 514 NW2d 121
(1994). We affirm our earlier decision reversing the
decision of the circuit court.

The facts of this case were set forth in our
earlier opinion. The essence of this Court's earlier
decision was the interpretation, as a matter of law,
of a collective bargaining agreement. *Loose,* 201
Mich App 366. The issue was framed in the con-
text of a collective bargaining agreement that
provided for automatic resignation in the event an
employee is absent for five or more consecutive
days without notifying the employer, Wayne
County, of the reason for the absence. *Id.* Respon-
dent Wayne County terminated Ms. Loose pursu-
ant to this provision because, in its view, she had
been absent without providing notice concerning
the reason for her absence for five or more days.
At a hearing with respect to this issue, the Wayne
County Civil Service Commission · found that the
county had "never received sufficient notification
satisfying the reason for her absence," and thus,
the termination was in accord with the contract.
The trial court, however, found that the commis-
sion had committed a clear error of law in inter-
preting the collective bargaining agreement to
require sufficient notice. The trial court reasoned
that the clear and unambiguous language of the

contract required only notice, not sufficient notice of the reason for her absence.[1]

On appeal, this Court, handling the issue as a question of law, disagreed with the trial court that the commission made a clear error of law. *Id.* Our decision affirmed the axiomatic doctrine that construction of an unambiguous and unequivocal contract is a question of law; however, we concluded that the notice provision was ambiguous. *Id.* at 366-367. Pursuant to this conclusion of ambiguity, we construed the contract to ascertain the intent of the parties and found that "[u]nder the agreement's terms, the notice that must be given to justify an absence from work must be 'sufficient notice.' " *Id.* at 367. Accordingly, we held that we disagreed with the trial court that the commission made a clear error of law.

---

[1] The Civil Service Commission found the county supported its position:

> [T]he September 14, 1982 note from Dr. Hardy's office (received September 20, 1982) is insufficient evidence for not reporting to work from September 20, 1982, until her admission to the hospital on October 28, 1982. The collective bargaining agreement provides that automatic resignation shall occur when an employee is absent for five or more consecutive work days without *notification* to the Employer *as to the reason* for said absence. The August 24, 1982 examination by her doctor established that she was fit to return to work. The Employer never received *sufficient notification* after that *satisfying the reason* for her absence. Since there was no communication from Ms. Loose, the Commission determined that the Appointing Authority proceeded correctly in determining that Ms. Loose was absent without leave. [Emphasis added.]

The collective bargaining agreement required that the employer be notified *as to the reason* for the absence. We believe the record supports the commission's finding that there was no communication from Ms. Loose and that the letters from the physician were not sufficient to provide notification *as to the reason* for her absence from work from September 20, 1982, until October 28, 1982. Therefore, the notice was deficient (not sufficient) because the employee did not notify the employer *as to the reason* for her absence, and the letter from Dr. Hardy did not notify the employer *as to the reason* for her absence from September 20, 1982, through October 28, 1982.

In *In re Payne,* the Supreme Court addressed "the question of the standard of review of the factual findings of a municipal civil service commission." 444 Mich 682-683 (opinion by BOYLE, J.). A majority of the justices held that factual findings should be accepted by a reviewing court only if supported by substantial evidence. *Id.* at 683. The *Payne* decision does not address the standard of review of anything other than factual matters. Because our prior decision in *Loose* did not involve a disputed issue of fact, *Payne* poses no conflict with our earlier holding and is in harmony with it.

*Payne* is consistent with our reasoning in the prior decision in this case, and the Supreme Court remanded this case only for reconsideration in light of *In re Payne.* Under the well-established doctrine of the law of the case, this Court may not reconsider its previous decision by addressing the issue raised in the amicus curiae brief.

In discussing the doctrine of the law of the case and its application in such a situation, our Supreme Court, in *Johnson v White,* 430 Mich 47, 52-53; 420 NW2d 87 (1988), stated:

> As a general rule, an adjudication on an issue in the first appeal is the law of the case in all subsequent appeals in which the facts are substantially the same. The reason for the rule is the need for finality of judgment and the want of jurisdiction in an appellate court to modify its own judgments except on a rehearing.
>
> Where a case is taken on appeal to a higher appellate court, the law of the case announced in the higher appellate court supersedes that set forth in the intermediate appellate court. Rulings of the intermediate appellate court, however, remain the law of the case. insofar as they are not affected by the opinion of the higher court review-

ing the lower court's determination. [Citations omitted.]

The doctrine of the law of the case also was addressed recently by this Court in *Reeves v Cincinnati, Inc (After Remand)*, 208 Mich App 556, 559-560; 528 NW2d 787 (1995), where we held:

> The doctrine of law of the case holds that a ruling by an appellate court with regard to a particular issue binds the appellate court and all lower tribunals with respect to that issue. *Poirier v Grand Blanc Twp (After Remand)*, 192 Mich App 539, 546; 481 NW2d 762 (1992). Thus, a decision of an appellate court is controlling at all subsequent stages of the litigation as long as it is unaffected by a higher court's opinion. *Johnson v White*, 430 Mich 47, 53; 420 NW2d 87 (1988). Further, a question of law decided by an appellate court will not be decided differently on a subsequent appeal in the same case where the facts remain materially the same. *Muilenberg v Upjohn Co*, 169 Mich App 636, 641; 426 NW2d 767 (1988). Indeed, this rule pertains without regard to the correctness of the prior determination. *Id*. The doctrine applies even if there has been an intervening or contemporaneous change in the law. *People v Russell*, 149 Mich App 110, 117-118; 385 NW2d 613 (1985). The reason for the rule is the need for finality of judgment and the want of jurisdiction in an appellate court to modify its own judgments except on rehearing. *Muilenberg, supra* at 641; *Johnson, supra.*

Accordingly, the current state of the law is that when the Supreme Court remands a case to this Court for reconsideration in light of a particular decision, this Court is not free to reopen the whole matter and, in fact, lacks jurisdiction to reverse itself with respect to issues unrelated to the focus of the remand. *Johnson, supra.* Furthermore, the

remanding court need not, in each and every case, expressly state the limits of what the lower court can consider, because it must assume that the lower court has knowledge of, and will adhere to, the established law of this state with regard to the scope of review on remand. Thus, even if this Court's earlier decision was erroneous, as amicus curiae suggests, the issue cannot even be considered by us given the order of remand under which we proceed. The peril inherent in the approach the dissent would adopt was outlined well in *Bennett v Bennett*, 197 Mich App 497, 500; 496 NW2d 353 (1992). "Clearly the law-of-the-case doctrine has no usefulness if it is only applied when a panel of this Court agrees with the decision reached by a prior panel."

We note also that Judge KELLY's position in this case is puzzling in light of her recent decision in *Int'l Union, UAW v Michigan,* 211 Mich App 20, 24; 535 NW2d 210 (1995), where with regard to the doctrine of the law of the case she stated:

> The doctrine applies to questions specifically determined in a prior decision and to questions necessarily determined to arrive at the decision.

In this case, the questions raised by amicus curiae were questions of law that specifically were decided in our prior decision and necessarily were determined to arrive at that decision. Therefore, we consider Judge KELLY's discussion of the law of the case in *Int'l Union* to be correct and controlling, and in accord with our cited authorities.

In conclusion, because this Court's earlier published opinion, because of remand, has no precedential effect, we once again reverse the decision of the trial court.

CONNOR, J., concurred.

MARILYN KELLY, P.J. *(dissenting).* This case, which concerns when a circuit court may issue an order of superintending control, was remanded to us from the Michigan Supreme Court for reconsideration in light of *In re Payne,* 444 Mich 679; 514 NW2d 121 (1994).

In our original opinion, our Court disagreed that the commission had made a clear error of law and reversed the trial court. *In re Loose,* 201 Mich App 361, 367; 505 NW2d 922 (1993). Petitioner, Antoinette Loose, appealed from that decision to the Supreme Court which initially denied the application.

She moved for reconsideration, and the Supreme Court then remanded to us for reconsideration in light of *Payne.* The remand order provides no additional instruction or guidance. See *Johnson v White,* 430 Mich 47; 420 NW2d 87 (1988). Upon reconsideration, under the standard of review which I believe the Supreme Court established in *Payne,* I would affirm the decision of the circuit court.

I do not disagree with the majority's general expressions of deference to the doctrine of the law of the case. But I note that the doctrine is discretionary and procedural. *United States v United States Smelting, Refining & Mining Co,* 339 US 186, 198-199; 70 S Ct 537; 94 L Ed 750 (1950); *Locricchio v Evening News Ass'n,* 438 Mich 84, 109, n 13; 476 NW2d 112 (1991). Moreover, it is inapplicable in cases where the Supreme Court vacates our decision and remands to us for reconsideration in light of a cited Supreme Court decision. A case on point in which I took part is *Hill v Ford Motor Co,* 183 Mich App 208, 212; 454 NW2d 125 (1989). The only difference in the remand order in *Hill* and this case is that the order in *Hill* specifically vacated the decision of this Court.

Here, the order remanded for reconsideration in light of new Supreme Court law. If the intent of the Supreme Court was not to vacate our previous decision, one would have expected it to specify what part remains viable. In any event, as the majority admits, no holding in our previous opinion has precedential effect in light of the remand. The entire opinion has been vacated effectively, if not explicitly.

In analyzing the law of the case doctrine, it is helpful to contrast the ruling in *Int'l Union, UAW v Michigan,* 211 Mich App 20; 535 NW2d 210 (1995). In *Int'l Union,* we affirmed a trial court order granting a preliminary injunction. The Supreme Court denied leave to appeal and let our ruling stand. It remanded the case to the trial court, directing it to adjudicate whether a permanent injunction should be issued. Following entry of the trial court's order, defendants appealed, raising issues that we had decided during the first appeal. *Id.,* pp 22-23. We held that the law of the case precluded our review of the previous decisions of this Court. *Id.,* p 27.

Here, on the other hand, the Michigan Supreme Court has, in effect, vacated our prior holding by remanding the matter to us for reconsideration. No appellate holding remains which could properly be construed as the law of the case. *Hill, supra.*

I conclude that, when a remand order cites new precedent, it is our responsibility to thoroughly review the remanded case. We should adopt and apply the correct standard to the facts and issues, engaging in whatever extensive review it may require. Otherwise, orders of remand for reconsideration would require no more than rubber stamping previous opinions as they travel up and down the appellate ladder. Surely, that cannot be the

purpose of the order of remand which was issued here. Additionally, the essential question in this case is whether the correct standard of review was applied. To resolve it by application of the law of the case begs the question, leaving it unanswered.

With this background in mind, I now turn to *Payne* and the guidance it offers.

### THE *PAYNE* STANDARD

#### A

In *Payne,* the Supreme Court attempted to develop the standard of review for cases where a circuit court grants superintending control following a decision by a civil service commission.

First, because the issue was apparently unresolved, the Supreme Court concluded that decisions of municipal civil service commissions are reviewed through original actions for superintending control. *Payne,* p 687. Our earlier opinion reached the same conclusion. *Loose,* p 364.

However, based on the standard of review developed in Justice RILEY's concurrence and Justice LEVIN's dissent in *Payne,* our original analysis did not go far enough. We limited our review to the traditional analysis of a writ of superintending control and considered only: 1) if the inferior tribunal had jurisdiction; 2) whether the inferior tribunal exceeded that jurisdiction; and 3) whether the inferior court proceeded according to law. *Loose,* p 365.

#### B

In their concurrence/dissent, Justices RILEY and GRIFFIN considered the appropriate standard for review of a writ of superintending control directed at a municipal civil service commission. They con-

cluded that it is the substantial evidence standard of Const 1963, art 6, § 28. *Payne,* p 698 (RILEY, J.). The concurrence/dissent noted that the constitutional substantial evidence test is far less deferential than the common law substantial evidence test generally associated with the writ of certiorari.

> While not an examination de novo, the substantial evidence standard involves more stringent review than the scintilla rule or any evidence standard of the writ of certiorari.
>
> *       *       *
>
> After all, the substantial evidence test of art 6, § 28 mandates meaningful evaluation of the "qualitative and quantitative" aspects of the evidence relied upon by the lower tribunal whereas the writ of certiorari prohibits any such evaluation. To equate the two standards of review is improper because it either significantly strengthens the scrutiny under certiorari or significantly weakens the scrutiny of art 6, § 28. [*Payne,* pp 703-705 (RILEY, J.).]

The concurrence/dissent extensively describes the breadth of the standard of review set forth in § 28. It contains an historical analysis of § 28's purpose: to protect citizens from administrative decisions insulated from all except the most cursory review. It concludes:

> In the instant case, the intention of the ratifiers and framers was to guarantee a minimal standard of judicial review for all administrative agencies affecting the rights of Michigan citizens—and we must enforce the intention. Defendant's attempt to engraft upon the language and intentions of art 6, § 28 meaning almost certainly unintended by the framers and ratifiers of the fundamental charter must be rebuked. [*Payne,* pp 717-718 (RILEY, J.).]

In his dissent, Justice LEVIN, joined by Justice
MALLETT, similarly concluded that:

> [A] decision to discharge a civil service employee
> after a hearing is subject to judicial review, pursu-
> ant to Const 1963, art 6, § 28, to determine
> whether it is supported by competent, material,
> and substantial evidence on the whole record, and
> not merely to determine whether there is any
> evidence to support the decision. [*Payne*, pp 718-
> 719 (LEVIN, J., dissenting).]

C

Four justices in *Payne* approved application of
§ 28 to the review of decisions of civil service
commissions. Section 28 provides:

> All final decisions, findings, rulings and orders of
> any administrative officer or agency existing under
> the constitution or by law, which are judicial or
> quasi-judicial and affect private rights or licenses,
> shall be subject to direct review by the courts as
> provided by law. This review shall include, as a
> minimum, the determination whether such final
> decisions, findings, rulings and orders are autho-
> rized by law; and, in cases in which a hearing is
> required, whether the same are supported by com-
> petent, material and substantial evidence on the
> whole record.

THE COLLECTIVE BARGAINING AGREEMENT

At issue in *Loose* is the meaning of certain
language in the collective bargaining agreement:

> Any employee who is absent without leave for
> five (5) or more consecutive days without
> notification to the EMPLOYER as to the reason for

said absence, shall be deemed to have resigned from the employ of the EMPLOYER and shall forfeit all seniority rights.

The trial court believed that the civil service commission committed a clear legal error in concluding that this language permitted it to require "sufficient notice". In our original analysis of this issue, we disagreed and used this as the basis for reversing the decision of the trial court. However, § 28, which the remand from our Supreme Court instructs us to apply, provides:

> This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law
> . . . .

This provision has become part of the standard of review. It requires reconsideration of findings of fact and conclusions of law absent direction from the Supreme Court to leave untouched any issue which should have been subjected to it. See *Johnson,* p 53; *Hill,* p 212.

## APPLICATION OF THE *PAYNE* STANDARD

I would find that the trial court did not err in concluding that the commission made a clear error of law in requiring "sufficient notification" when the contract requires "notification".

The primary role of the court in construing a contract is to ascertain and give effect to the intent of the parties. *Kassin v Arc-Mation, Inc,* 94 Mich App 520, 524-525; 288 NW2d 413 (1979). Construction of unambiguous and unequivocal contracts is a question of law. See *Mt Carmel Mercy Hosp v Allstate Ins Co,* 194 Mich App 580; 487 NW2d 849 (1992).

The language of the contract is unambiguous. It permits the employer to discharge an employee who is absent without leave for five or more days without notifying the employer. Specifically, it does not require "sufficient notification" or contain provisions giving the employer unilateral authority to determine what constitutes "sufficient notification." Consequently, the trial ruling that the Civil Service Commission committed an error of law by upholding Loose's dismissal for failure to provide "sufficient notification" of her absence should be affirmed.

The second requirement of the standard of review set forth in § 28 is:

[I]n cases in which a hearing is required, whether the same [final decisions, findings, rulings and orders] are supported by competent, material and substantial evidence on the whole record.

Loose notified her employer, Wayne County, that her physician had advised her to remain home in bed until he next saw her. She later notified the county that her physician had been unable to see her at the scheduled time because of his illness.

According to the *Payne* standard of review, since a hearing was required, the court had to reach beyond the evaluation of whether the commission proceeded according to law; it had to consider whether the decision to terminate Loose's employment was supported by competent, material and substantial evidence on the whole record. Our Court must apply the same standard of review in considering the action of both lower tribunals.

I would find that the decision of the Civil Service Commission was not supported by competent, material and substantial evidence. Justice BOYLE wrote in *Payne*:

The underlying purpose of judicial review of the factual findings of administrative agencies relates to the comparative expertise of the two institutions. A court is expert at adjudication—determining disputed facts by holding hearings. A municipal civil service board, on the other hand, the administrative agency in this case, is expert at determining job requirements for a city employee. To this end, the agency may establish qualifications and rules for employee conduct on the job. These rules will be considered promises to employees that their jobs will be secure as long as they perform them acceptably, and that this security is not subject to, in Professor Nozick's words, "[t]he [z]igzag of [p]olitics." In that sense, the province of a city's civil service commission, should it choose to have one at all, is to decide what qualifications and behavior the city will require of its employees and how much security it will promise them. The role of the reviewing court is to ensure that the city's employees receive what they have been promised by reviewing whether there was substantial evidence to support the agency's factual determinations. [*Id.*, pp 694-695 (BOYLE, J.).]

"Substantial evidence" means the competent material and substantial evidence required by article 6. I have considered the evidence in light of the role of a reviewing court described above. I find that the Wayne County Civil Service Commission's decision was not supported by the quantum of evidence the standard of review requires. The record favors Loose. It establishes that she notified the county that her physician advised her to remain at home until she saw him again. It shows that she sent a second notice to her employer explaining her continued absence. Thus, the commission's decision to discharge her for failure to provide "sufficient notification" of her absence was not supported by substantial evidence on the whole record.

I would affirm.