Joseph **EASA**, Plaintiff,

v.

**FLORISTS' TRANSWORLD DELIVERY ASSOCIATION**, Defendant.

No. 97–CV–70953–DT.

United States District Court,
E.D. Michigan,
Southern Division.

May 6, 1997.

Donald A. Gasiorek, Lenora R. Roland, Southfield, MI, for plaintiff.

Daniel J. Bretz, Detroit, MI, David A. Hardesty, Bingham Farms, MI, for defendant.

### OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO REMAND

DUGGAN, District Judge.

This matter is before the court on defendant's motion to dismiss, made pursuant to Federal Rule of Civil Procedure 12(b)(6). and plaintiff's motion to remand to Wayne County Circuit Court.

### Background

Plaintiff was a salaried employee of defendant and as a salaried employee. plaintiff was a participant in the Florists' Transworld Delivery, Inc., Salaried Employees' Pension Plan (The Plan) (Ex. 1, Def's Br. in Support of Mot. For Dismissal). The "Plan" designated defendant as the "Plan Administrator". (*Id.* at p. 46.)

The facts as set forth in plaintiff's response to defendant's motion to dismiss indicate that plaintiff began working for defendant Florists' Transworld Delivery Association ("FTD") in 1966. In September of 1992, plaintiff's position with defendant was Assistant Director, Network Services and his yearly salary was $70,298. Plaintiff's position was eliminated in September 1992 as a result of defendant's reorganization. Defendant offered plaintiff a choice between early retirement or reassignment to an Administrative Manager position with a reduced salary of $54,810. On September 9, 1992, defendant's Director of Business Management offered plaintiff an early retirement package which was to be accepted or rejected by September 30.1992. The package offered the following benefits: continuation of current salary for one year: payment of unused accrued vacation days; continuation of all existing benefits, except short and long term disability coverage during the period of salary continuation; and professional out placement services.

On September 21, 1992. defendant's Director of Human Resources offered to extend the salary continuation option outlined in the September 9th letter from October 1, 1992 through August 22.1994 (the plaintiffs 55th birthday) in order to qualify plaintiff for an estimated early retirement benefit at age 55 of $2,580.67 monthly, or a lump sum benefit of $251,238.71.

Plaintiff analyzed his cost of living requirements using the age 55 monthly benefit figure of $2,580.67 from defendant's September 21, 1992 letter. Plaintiff determined that the age 55 monthly benefit figure was adequate for him to terminate his employment with defendant early. Plaintiff accepted defendant's early retirement offer and signed an Agreement and Release of Claims on September 30, 1992.

In November 1994, defendant sent plaintiff a letter detailing the procedures to obtain the pension benefit and the account balances from the retirement savings plan. This letter reflects that the monthly retirement benefit beginning September 1, 2004 (the age 65 benefit) is $2,471.59. Plaintiff placed several phone calls to defendant's Director of Human Resources seeking an explanation of why the benefits were ten years later and $109 less than the figure represented in the September 21, 1992 letter. Plaintiff was referred to an actuary with William Mercer Associates who explained that defendant had erroneously quoted the age 65 pay out as the age 55 pay out in its September 21, 1992 letter. Plaintiff was then informed that the actual age 55 monthly benefit then available to him was $1,652.

Because of the discrepancy in figures represented to plaintiff at the time he agreed to the early retirement and those actually available to him at age 55. plaintiff, on December 5, 1994, elected to take the lump-sum distribution of $274,719.14 instead of the monthly benefit of $1,652.

On February 21, 1997, plaintiff filed a suit against defendant in Wayne County Circuit Court alleging the state law claims of breach of contract, misrepresentation and promissory estoppel. Defendant removed the suit to this Court, asserting that this Court has subject matter jurisdiction over the matter because plaintiffs claims are preempted by ERISA, 29 U.S.C. § 1001 *et seq.* Defendant

also filed a motion to dismiss currently before the Court in which it asserts that plaintiff has failed to state a claim upon which relief may be granted because he has alleged only state law claims which are preempted by ERISA. Plaintiff argues in its response to defendant's motion that plaintiff's state law claims are not preempted by ERISA and should thus be decided in state court. Plaintiff further argues in his reply to defendant's response to his motion to remand that, even if defendant can successfully argue ordinary preemption as a defense, the Court lacks removal jurisdiction based on the doctrine of complete preemption and, as a result, the action should be remanded to state court.

## Discussion

Under section 514(a) of ERISA, "the provisions of this Title and Title IV shall supersede any and all state laws in so far as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. § 1144(a). "The phrase 'relate to' is given broad meaning such that a state law cause of action is preempted if 'it has connection with or reference to that plan.'" *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1275 (6th Cir.1991)(quoting *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 730, 732–33, 105 S.Ct. 2380, 2384, 2385, 85 L.Ed.2d 728 (1985)). Nevertheless, some "state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 100, 103 S.Ct. 2890, 2901, 77 L.Ed.2d 490 (1983).

The Sixth Circuit has ruled that " 'preemption should apply to a state law claim only if Congress has provided a remedy for the wrong or wrongs asserted.'" *Fisher v. Combustion Engineering, Inc.*, 976 F.2d 293, 297 (6th Cir.1992) (quoting *Perry v. P\*I\*E Nationwide Inc.*, 872 F.2d 157, 162 (6th Cir. 1989) *cert. denied*, 493 U.S. 1093, 110 S.Ct. 1166, 107 L.Ed.2d 1068 (1990)). Where the remedy sought is essentially an ERISA plan benefit, the state law claim is preempted. *Fisher, supra.*[1]

Plaintiff argues that his state law claims are not preempted because he is not seeking actual benefits under the plan, rather he is seeking damages for misrepresentations made independent of the plan. In *Fisher*, the plaintiff' brought suit against his employer for breach of contract and promissory estoppel. The plaintiff sought to hold its employer to its promise to award him a pension according to his 1958 hire date. Plaintiff had originally been hired by defendant employer in 1958 but began working for the company which purchased the division of the defendant's company in which he worked in 1961. In 1964, plaintiff was rehired by defendant employer with the understanding that, for pension purposes. his date of service would commence at the time of his original hire in 1958. The Sixth Circuit determined that the plaintiff's claim against his employer for damages stemming from breach of contract and promissory estoppel was "in essence for the recovery of an ERISA plan benefit" and that it was thus preempted. *Fisher, supra* (quoting *Cromwell, supra* at 1276). This Court finds that the damages for misrepresentation, breach of contract and promissory estoppel which plaintiff seeks from defendant employer are in essence recovery of an ERISA plan benefit, and thus are preempted according to Sixth Circuit decisions in *Fisher* and *Cromwell.*

Plaintiff's complaint clearly seeks the benefits to which he believes he is entitled to under the Plan. The undisputed facts establish that (1) defendant is the Plan Administrator; (2) the letter of September 9, 1992 was clearly a communication from defendant relating to benefits to which plaintiff is entitled under the Plan; (3) the letter of September 21, 1992, which provided the incorrect information, is a letter of "explanation of your benefit from the FTD Salary Employees' Pension Plan ..." and is, in this Court's opinion, clearly a letter from defendant in its capacity as Plan Administrator. In fact, the author of the letter of September 21, 1992, Thomas Davenport, Director, Human Resources, suggests to plaintiff that if he has questions he should "call me or Mary

---

1. Plaintiff has not asserted a claim under ERISA.

Schoenberg." [2] The letter of November 7, 1994, which informed plaintiff of the "actual" benefits he was to receive (which were lower than the benefits he expected) was from Mary Schoenberg.

In this Court's opinion, plaintiff's claim is a claim for pension benefits to which he believes he is entitled under the Plan, based on the incorrect information he was given, and upon which he relied, relating to benefits that it was "estimated" he would receive under the Plan. *Id.* Ex. 3.

In this Court's opinion. plaintiffs claim is "in essence for the recovery of an ERISA plan benefit." *Fisher* at 297.

Plaintiff also argues that his state action affects the plan "in too tenuous. remote or peripheral manner to warrant a finding that the law 'relates to' the plan." *See Shaw, supra.* In arguing that the state law here asserted falls within the remote and peripheral exception to preemption, plaintiff relies on the three factor test for determining when state law falls within that exception which was first articulated in the Sixth Circuit in *Firestone Tire & Rubber Co. v. Neusser,* 810 F.2d 550, 555–56 (6th Cir.1987). The three factors are as follows: (1) whether the state law represents a traditional exercise of state authority; (2) whether invocation of the state law will affect relations among the principal ERISA entities-the employer, the plan, the plan fiduciaries, and the beneficiaries; and (3) the incidental nature of any possible effect of state law on an ERISA plan. *Id.*

Plaintiff's reliance on *Neusser* does not support plaintiff's argument. The application of state law in the case at bar would clearly affect relations among principal ERISA entities, namely the employer and the beneficiaries, this crucial factor thus militates in favor of preemption.

Plaintiff also cites as support *Holloway v. Doug Fisher, Inc.,* 865 F.Supp. 412 (E.D.Mich.1994). In that case the Court, applying the *Neusser* factors, determined

that relations among principal ERISA entities would not be affected because there was no ERISA plan in existence at the time the plaintiff's claims arose. *Id.* at 419. The case at bar is distinguishable because in this case. an ERISA plan existed at the time plaintiff's claims arose and the parties here are principal ERISA entities.

Plaintiff also relies on Michigan Supreme Court case, *Teper v. Park West Galleries, Inc.,* 431 Mich. 202, 427 N.W.2d 535 (1988), and a Michigan Court of Appeals case, *Hill v. Ford Motor Co.,* 183 Mich.App. 208, 454 N.W.2d 125 (1989), in which the state law asserted was not preempted by RISA. In *Teper,* the plaintiff alleged that she had been wrongfully discharged and claimed damages in the nature of past and future compensation including future pension benefits. The jury awarded damages for past and future compensation and awarded damages for lost pension benefits. The Michigan Supreme Court determined that the award of future pension benefits as damages was too peripheral to trigger the ERISA preemption, *Teper, supra* at 216, 427 N.W.2d 535, and thus rejected defendant's arguments that the award of pension benefits in this wrongful discharge case was improper. In Hill, plaintiff elected to take early retirement based on representations by the employer as to benefits he would receive under defendant's General Retirement Plan. Subsequently, plaintiff learned that the benefits he believed he would receive when he accepted retirement were not the benefits he would actually receive. Plaintiff brought an action against the employer for misrepresentation and breach of contract. The Michigan Court of Appeals concluded that the misrepresentation claim was not preempted because the claim is not against the Plan, the claim would not alter the level of benefits paid out under the Plan and would not alter the terms of the Plan.[3]

The Court finds that the law announced in *Hill* is not the law of the Sixth Circuit after

---

**2.** Mary Schoenberg is the "Benefits Administrator."

**3.** The Court of Appeals, however, concluded that plaintiff's breach of contract claim was preempted because, the Court concluded that claim

would have the effect of altering the level of benefits payable under a plan. Consequently, plaintiff's breach of contract claim relates to the employee's benefit plan and is preempted under ERISA. *Hill, supra* at 215, 454 N.W.2d 125.

*Cromwell and Fisher, supra.* This Court is bound by the rulings in those cases which indicate a result contrary to that reached in *Hill. See Fisher, supra.*

Plaintiff further argues that even if defendant can successfully prove that his claim is preempted under § 1144(a),

> § 1144 preemption does not create a federal cause of action itself. and cannot convert a state cause of action into a federal cause of action under the well-pleaded complaint rule. As a consequence, no removal jurisdiction exists under § 1144.

*Warner v. Ford Motor Co.,* 46 F.3d 531, 534 (6th Cir.1995).

> Removal is allowed in § 1132(a)(1)(B) type cases ... because Congress intended federal law to occupy the regulated field of pension contract enforcement. State claims for damages or injunctive relief to enforce a pension plan against an employer or trustee are subject to removal.

*Id.* at 535. In order to come within the complete preemption exception to the well-pleaded complaint rule, a court must conclude that the claim under state law should be characterized as a superseding ERISA action " 'to recover benefits due him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan,' as provided in § 1132(a)(1)(B)." *Id.* at 534.

In *Warner,* the Sixth Circuit characterized plaintiff's claim as

> "a straight age discrimination case which has no counterpart or superseding cause of action in ERISA. It is an action to set aside and escape from the early retirement agreement, not to recover under it or to 'enforce' it or to assert uprights to future benefits under the terms of the plan."

*Id.* The case at bar is "in essence" (*Fisher* at 297) an action to recover under the early retirement agreement, as amended by the September 21, 1992 letter detailing plaintiff's age 55 benefits. Further, plaintiff's common law state claims for breach of contract, misrepresentation and promissory estoppel are superseded by an ERISA equitable estoppel

cause of action. *See Armistead v. Vernitron Corp.,* 944 F.2d 1287, 1298 (6th Cir.1991).

The Court is satisfied that plaintiff's claims under state law should be characterized as a superseding ERISA action to recover benefits and, as a result, fit within the complete preemption exception to the well-pleaded complaint rule. Therefore, this Court has removal jurisdiction.

For the reasons set forth above,

**IT IS ORDERED** that defendant's motion to dismiss is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to remand is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED.**