**Blondell J. HANKS, Plaintiff,**

v.

**GENERAL MOTORS CORP., and Cheryl Tiller, Defendant.**

**No. 98–72155.**

United States District Court,
E.D. Michigan,
Southern Division.

Nov. 10, 1998.

Greg M. Liepshutz, Southfield, Michigan, for plaintiff.

David M. Davis, Birmingham, Michigan, for defendant.

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

ROSEN, District Judge.

### I. INTRODUCTION

This case is presently before the Court on a Motion to Remand filed by Plaintiff Blondell Hanks on June 10, 1998. On April 29, 1998, Plaintiff filed a Complaint in Wayne County Circuit Court of the State of Michigan seeking to rescind her election to retire under the General Motors Hourly–Rate Employees Pension Plan ("Plan") on the grounds of fraudulent and negligent misrepresentation. Defendants General Motors Corporation and Cheryl Tiller removed the action to federal court on May 27, 1998, arguing that Plaintiff's claims were completely preempted under the Employment Retirement Income Security Act ("ERISA"). In the present motion, Plaintiff contends that no federal cause of action was created by her Complaint and therefore the Court lacks subject matter jurisdiction pursuant to the well-pleaded complaint rule. In particular, Plaintiff argues that because she is not seeking to recover benefits, to enforce benefits, or to clarify rights to future benefits under the Plan, there is no basis for subject matter jurisdiction pursuant to 29 U.S.C. § 1132(a)(1)(B).

Having reviewed the Complaint, the Notice of Removal, and all of the parties briefs and supporting documents pertaining to the instant motion, the Court finds that oral argument on Plaintiff's Motion to Remand is unnecessary. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), the Court will decide this matter "on the briefs." This Opinion and Order sets forth the Court's ruling.

### II. *FACTS*

Plaintiff began receiving workers' compensation benefits in 1993 due to a work-related

disability. In early June of 1997, Plaintiff contacted Defendant General Motors and inquired as to whether or not taking her pension benefits would affect her ability to collect workers' compensation. Plaintiff claims that Defendant Cheryl Tiller, an employee of General Motors, informed her that should could simultaneously draw pension benefits and receive her workers' compensation benefits.

Shortly after Plaintiff elected to draw her pension benefits, her workers' compensation benefits were eliminated pursuant to a coordinated benefits clause contained in the workers' compensation insurance policy. Plaintiff claims that Defendant refused to allow her to retract her decision, despite her reliance on the allegedly erroneous advice of Defendant Tiller.

Plaintiff then commenced this action to seek recission of her election to draw pension benefits or recovery of damages for lost workers' compensation based upon negligent or fraudulent misrepresentation.

## III. *ANALYSIS*

■ A defendant may remove an action to federal court only if that court has original subject matter jurisdiction over the action.[1] If a court lacks diversity jurisdiction over an action, as in the instant case, it must have federal question jurisdiction over the action in order to have subject matter jurisdiction. A court has federal question jurisdiction over an action when that action "arises under" the Constitution or law of the United States.[2]

■ To determine whether a claim arises under federal law, a court, under the "well-pleaded complaint" rule, generally looks only to the plaintiff's complaint. *Gully v. First National Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *Louisville & N.R. Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). If the complaint relies only on state law, the district court generally

lacks subject matter jurisdiction and the action is not removable. That a defendant raises a substantive federal defense to a state law claim—including a preemption defense— is immaterial for jurisdictional purposes. As the Court explained in *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987):

> [I]t is now well settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.

482 U.S. at 393, 107 S.Ct. at 2430 (citation omitted).

■ However, over the years, an exception to the well-pleaded complaint rule has developed. If Congress intends that a federal statute "completely preempt" an area of state law, any complaint alleging claims under that area of state law is presumed to allege a claim arising under federal law. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546–1547, 95 L.Ed.2d 55 (1987); *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). The complaint may thus be removed to federal court and will be treated as alleging a federal cause of action, notwithstanding that on its face, the plaintiff's complaint alleges only a state-law cause of action.

### A. *The Birth of the "Complete Preemption" Doctrine*

The "complete preemption" doctrine developed out of the Supreme Court's 1968 decision in *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). In *Avco*, the plaintiff filed a suit in Tennessee state court to enjoin its union

---

**1.** 28 U.S.C. § 1441(a) states, in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

**2.** 28 U.S.C. § 1331 reads:

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

employees from striking at its plant. The heart of the complaint was a "no-strike" clause in the collective bargaining agreement, pursuant to which "grievances" between Avco and its union employees were to be settled amicably or by binding arbitration.[3] The union removed the case to federal court, citing § 301 of the Labor Management Relations Act (the "LMRA") as the basis of federal court jurisdiction. Avco subsequently moved to remand the case to state court. The District Court denied the remand motion, and the Sixth Circuit Court of Appeals affirmed. The Supreme Court affirmed the lower courts, explaining:

> The starting point is § 301 of the Labor Management Relations Act, 1947, 61 Stat. 156, 29 U.S.C. § 185, which, we held in *Textile Workers Union of America v. Lincoln Mills*, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972, was fashioned by Congress to place sanctions behind agreements to arbitrate grievance disputes. We stated:
>
> "We conclude that the substantive law to apply in suits under § 301(a) is federal law, which the courts must fashion from the policy of our national labor laws. \*\*\* The Labor Management Relations Act expressly furnishes some substantive law. It points out what the parties may or may not do in certain situations.... Federal interpretation of the federal law will govern, not state law. But state law, if compatible with the purpose of § 301, may be resorted to in order to find the rule that will best effectuate the federal policy. \*\*\* Any state law applied, however, will be absorbed as federal law and will not be an independent source of private rights." 353 U.S. at 456–457, 77 S.Ct. at 917–918.
>
> An action arising under § 301 is controlled by federal substantive law even though it is brought in state court.... Removal is but one aspect of "the primacy of the federal judiciary in deciding questions of federal law." (Citations omitted).
>
> It is thus clear that the claim under this collective bargaining agreement is one arising under the "laws of the United States" within the meaning of the removal statute. 28 U.S.C. § 1441(b). It likewise seems clear that this suit is within the "original jurisdiction" of the District Court within the meaning of 28 U.S.C. §§ 1441(a) and (b).

390 U.S. at 560, 88 S.Ct. at 1237.

Through the years, the holding of *Avco* became known as the "complete preemption" doctrine. As explained by the Supreme Court in *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983):

> *Avco* stands for the proposition that if a federal cause of action completely preempts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily "arises under" federal law.

463 U.S. at 24, 103 S.Ct. at 2854. More recently, the Court explained the doctrine in *Caterpillar, Inc. v. Williams, supra*, as follows:

> There does exist ... an "independent corollary" to the well-pleaded complaint rule known as the "complete pre-emption" doctrine. On occasion, the Court has concluded that the pre-emptive force of a statute is so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Once an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law.

482 U.S. at 393, 107 S.Ct. at 2430 (citations and footnote omitted).

The evolution of the doctrine of "complete preemption", as it has developed in the case law since *Avco*, has been one of fits-and-starts and zigs-and-zags, rather than a well-delineated direct course. This "hop-scotch" decisional development has, not surprisingly, occasioned both confusion and disagreement among the federal circuit and district courts.

---

**3.** Protesting Avco's promotion decisions, the union members engaged in work stoppages and an employee walkout, rather than attempt to resolve their dispute with Avco through the collectively-bargained grievance process. *See*, 390 U.S. at 558, 88 S.Ct. at 1236.

Even today, it is hardly a model of consistency and clarity.

One thing, however, is clear—the Supreme Court has, in recent years, demonstrated a reluctance to extend application of the "complete preemption" doctrine, and, in fact, has largely limited its finding of complete preemption to two federal statutes—the Labor Management Relations Act, 29 U.S.C. S 185(a) ("LMRA"), and the Employee Retirement Income Security Act, 29 U.S.C. S 1144(a) ("ERISA"). See *Metropolitan Life Ins. Co. v. Taylor, supra; Caterpillar, Inc. v. Williams, supra; Avco Corp. v. Aero Lodge No. 735, supra.*[4]

## B. *The Development of a Two–Pronged "Complete Preemption" Removal Test*

In concluding that the complete preemption doctrine would apply in cases involving removal under the LMRA and ERISA, the Supreme Court looked to the jurisdictional grants in the LMRA and ERISA, and concluded that those jurisdictional grants evinced a congressional intent to completely preempt those areas of state law relating to, respectively, collective bargaining agreements and employee benefit plans. Section 301 of the LMRA reads:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect of the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

Similarly, section 502(f) of ERISA provides:

The district courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action.

29 U.S.C. § 1132(f).

In *Metropolitan Life Ins. Co. v. Taylor, supra,* the Court squarely faced the issue of whether the rule of *Avco* regarding complete preemption under the LMRA should be extended to ERISA. In that case, the Court proceeded with its "complete preemption" analysis by first determining that the plaintiff's purely state-law based breach of employment contract suit "relate[d] to an employee benefit plan" and, therefore, was preempted by ERISA. 481 U.S. at 62, 107 S.Ct. at 1546.

However, the Court expressly stated that preemption alone did not determine the removability of the action to federal court under the "complete preemption" doctrine. ("ERISA pre-emption, without more, does not convert a state claim into an action arising under federal law." *Id.* at 64, 107 S.Ct. at 1547.)

It was only after the Court was convinced—by virtue of the language in the jurisdictional grant in Section 502(a) of ERISA and its similarity to the jurisdictional grant in Section 301 of the LMRA [discussed *su-*

---

**4.** In fact, the Court was even reluctant to extend the complete preemption doctrine to ERISA, even though it acknowledged that ERISA act has a "unique pre-emptive force." In *Metropolitan Life Ins. Co. v. Taylor,* supra the Court stated:
  Even with a provision such as § 502(A)(1)(B) that lies at the heart of a statute with the unique pre-emptive force of ERISA, however, we would be reluctant to find that extraordinary pre-emptive power, such as that found with respect to § 301 of the LMRA, that converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. But the language of the jurisdictional subsection of ERISA's civil enforcement provisions closely parallels that of § 301 of the LMRA.

481 U.S. at 65, 107 S.Ct. at 1547.
  Justice Brennan, in his concurring opinion in *Taylor,* re-emphasized the Court's ruling:
  While I join the Court's opinion, I note that our decisions should not be ·interpreted as adopting a broad rule.... The court holds only that removal jurisdiction exists when, as here "Congress has clearly manifested an intent to make causes of action ... removable to federal court." In future cases involving other statutes, the prudent course for a federal court that does not find a clear congressional intent to create removal jurisdiction will be to remand the case to state court.
  *Id.* (Emphasis in original.)

*pra* ]—that Congress had manifested a clear intent that claims relating to employee benefit plans were removable that the Court found the complete preemption doctrine applicable. *Id.* at 66–67, 107 S.Ct. at 1547–1548.[5] The *Taylor Court* specifically noted, however, that removal would be inappropriate absent a clearly manifested congressional intent to make certain state claims removable to federal court. *Id.* at 65, 107 S.Ct. at 1547. The *Taylor* court explained:

> [T]he touchstone of the federal district court's removal jurisdiction is not the "obviousness" of the pre-emption defense but the intent of Congress. Indeed, as we have noted, even an "obvious" pre-emption defense does not, in most cases, create removal jurisdiction. In this case, however, Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) removable to federal court.

481 U.S. at 66, 107 S.Ct. at 1548.

## C. *Application of Complete Preemption Doctrine in the Instant Case*

In a recent decision involving removal jurisdiction under ERISA, the Sixth Circuit distinguished between two types of ERISA preemption, the first, preemption implied by § 1132(a), and the second, preemption explicitly created by § 1144(a). *Warner v. Ford Motor Co.*, 46 F.3d 531 (6th Cir.1995) (en banc). *See also Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940 (6th Cir. 1994); *Harris v. Provident Life and Acc. Ins. Co.*, 26 F.3d 930, 933–34 (9th Cir.1994); *Alexander v. Anheuser–Busch Companies, Inc.*, 990 F.2d 536, 540 (10th Cir.1993). The first "preempts actions brought in state court

that could have been brought under ERISA's civil enforcement section." *Alexander,* 13 F.3d at 943 (citing *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 53–56, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987)). The second preempts state law claims that "relate to" an ERISA-governed benefit plan, but could not have been brought under ERISA's civil enforcement provision. *See also, C.C. Mid West, Inc. v. McDougall,* 990 F.Supp. 914 (E.D.Mich.1998); *Dobberowsky v. Cryogenic Transportation, Inc.,* 989 F.Supp. 848 (E.D.Mich.1997).

In *Warner,* the plaintiff signed an early retirement agreement then sued his former employer for age discrimination alleging violation of Michigan law. The defendant contended that since the benefits the plaintiff was receiving under the early retirement agreement were governed by ERISA, the action was subject to ERISA's complete preemption provision, and could properly be removed to federal court. The court stated that since the plaintiff sought to escape from the early retirement agreement, not "to recover under the agreement, or to 'enforce' the agreement or to assert 'rights to future benefits under the terms of the plan,' " his claims did not fall within ERISA § 1132(a). In addition, the court held that since there is no federal removal jurisdiction based on § 1144(a) alone, removal to federal court was improper and remanded the case to state court.

The court in *Warner* delineated the distinction between preemption under § 1132(a) and § 1144(a), and federal removal jurisdiction, stating:

**5.** The *Taylor Court* found further evidence of congressional intent that state claims that relate to employee benefit plans be deemed to be completely preempted in the legislative history of ERISA. The Court noted the following portions of the Conference Report on ERISA and the comments of Senator Williams, one of ERISA's sponsors:

> "With respect to suits to enforce benefit rights under the plan or to recover benefits under the plan which do not involve application of the title I provisions, they may be brought not only in U.S. district courts but also in State courts of competent jurisdictions. All such actions in Federal or State courts are to be regarded as

arising under the laws of the United States in similar fashion to those brought under section 301 of the Labor–Management Relations Act of 1947." H.R.Conf.Rep. No. 93–1280, p. 327 (1974) (emphasis added).

> \* \* \* \* \* \*
> Senator Williams, a sponsor of ERISA emphasized ...
> It is intended that [civil enforcement] actions will be regarded as arising under the laws of the United States in similar fashion to those brought under section 301 of the Labor Management Relations Act. 120 Cong.Rec. 29933 (1974)....

481 U.S. at 66, 107 S.Ct. at 1547–1548.

[*Metropolitan Life* ] ruled that the exception [to the well-pleaded complaint rule] is narrowly limited in the ERISA context to state common law or statutory claims that fall within the ERISA civil enforcement provision of 29 U.S.C. § 1132(a)(1)(B) because "the legislative history consistently sets out this clear intention to make [§ 1132(a)(1)(B) ] suits brought by participants or beneficiaries federal questions for the purpose of federal court jurisdiction...." *Id.* at 66[, 107 S.Ct. 1542]. *Therefore, in order to come within the exception a court must conclude that the common law or statutory claim under state law should be characterized as a superseding ERISA action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," as provided in § 1132(a)(1)(B).*

The Court specifically stated "ERISA preemption, without more, does not convert a state claim into an action arising under federal law." *Metropolitan Life,* at 64[, 107 S.Ct. 1542]. Section 1144 falls precisely into this category. *It allows ERISA to preempt state laws when they "relate to" matters governed by ERISA but does not create a federal cause of action for matters which only "relate to" ERISA's field of concern. Thus § 1144 preemption does not create a federal cause of action itself, and cannot convert a state cause of action into a federal cause of action under the well-pleaded complaint rule: As a consequence, no removal jurisdiction exists under § 1144.*

*Warner,* 46 F.3d at 534 (emphasis added).

Thus, under *Warner,* the Sixth Circuit en banc has held that no removal jurisdiction exists under § 1144 alone, and that in order for federal removal jurisdiction to exist pursuant to § 1132(a), a plaintiff's complaint must include a state law claim for at least one of the following: (1) to recover benefits due under the terms of the plan; (2) to enforce rights under the terms of the plan; or (3) to clarify rights to future benefits under the terms of the plan.

Returning to the present case, the Court finds that Plaintiff's state law claims are not directed toward any of these three objectives and, as such, do not fall within ERISA § 1132(a). Therefore, the Court lacks subject matter jurisdiction over this action.

A close examination of the claims in the present case reveals that, analogous to the claims in *Warner,* Plaintiff is not attempting to recover benefits due under the terms of the Plan. In contrast, she seeks to rescind her decision to draw Plan benefits on the grounds that Defendant's agent allegedly made misrepresentations which led her to believe she was entitled to workers' compensation benefits **in addition to** the benefits due under the Plan itself. Nor does Plaintiff allege that the Plan grants a right to receive workers' compensation and pension benefits simultaneously. Indeed, rather than seeking to enforce a right under the Plan, Plaintiff alleges that she was deceived into drawing her pension benefits. Finally, Plaintiff in no way seeks a clarification of her rights to future benefits under the Plan, but rather simply seeks to rescind her decision to accept pension benefits. Thus, taken as a whole, Plaintiff's state law claims only tangentially implicate the ERISA benefits plan.

Furthermore, the facts of the present case are distinguishable from the recent case of *Easa v. Florists' Transworld Delivery Assoc.,* 963 F.Supp. 624 (E.D.Mich.1997), in which the plaintiff-employee accepted early retirement in reliance upon the defendant's representations regarding the amount of benefits due under a ERISA qualified employee pension plan. Upon learning that the employer had overstated the amount of benefits due under the pension plan, the plaintiff brought suit in state court alleging breach of contract, misrepresentation, and promissory estoppel. Following the defendant's removal to federal court, the *Easa* Court denied plaintiff's motion to remand, stating:

In this Court's opinion, plaintiff's claim is a claim for pension benefits to which he believes he is entitled under the Plan, based on the incorrect information he was given, and upon which he relied, *relating to ben-*

*efits that it was "estimated" he would receive under the Plan.*

*Easa,* 963 F.Supp. at 626 (emphasis added).

In sharp contrast to *Easa,* the instant case does not involve a claim for additional Plan benefits at all—indeed, Plaintiff acknowledges that she is not entitled to both pension benefits and workers' compensation under the terms of the Plan. Rather, Plaintiff's allegation is that Defendant's agent made misrepresentations regarding her ability to simultaneously receive workers' compensation, a source of benefits external to the Plan itself. Therefore, in reality, Plaintiff's claims do not even implicate Plan benefits.

In sum, Plaintiff in the present action, analogous to the plaintiff in *Warner,* is not attempting to "recover" under the agreement, or to "enforce" the agreement, or to "clarify" rights to future benefits under the terms of the plan. Instead, she is seeking to rescind her decision to draw pension benefits from the Plan in light of Defendant's alleged misrepresentations. Thus, any resolution of Plaintiff's claims does not require the Court to determine the amount of benefits due under the Plan or for that matter to interpret any provision of the Plan whatsoever. Accordingly, the Court finds that Plaintiff's state law misrepresentation claims cannot be characterized as a superseding ERISA action in order to avoid the well-pleaded complaint rule.

## IV. *CONCLUSION*

For all of the aforementioned reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand is GRANTED.

IT IS FURTHER ORDERED that this case is REMANDED to Wayne County Circuit Court of the State of Michigan.