**Creamus Paxton HOWARD,
Petitioner–Appellant,**

v.

**Harold WHITE, Warden, Respondent–
Appellee.**

No. 03–1042.

United States Court of Appeals,
Sixth Circuit.

Sept. 16, 2003.

Creamus Paxton Howard, Coldwater, MI, pro se.

Brad H. Beaver, Office of the Attorney General, Lansing, MI, for Respondent–Appellee.

Before SUHRHEINRICH, COLE, and ROGERS, Circuit Judges.

*ORDER*

Creamus Paxton Howard, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On May 4, 1998, Howard pled nolo contendere to the charge of second-degree criminal sexual conduct. Howard was sentenced to serve ten to fifteen years of imprisonment, to run concurrently with the sentence imposed for a prior unrelated second-degree criminal sexual conduct conviction. The trial court denied Howard's subsequent motion to withdraw his nolo contendere plea. The Michigan Court of Appeals affirmed Howard's conviction on March 31, 2000, and denied his motion for rehearing on July 24, 2000. The Michigan Supreme Court denied Howard's delayed application for leave to appeal on January 30, 2001. Howard did not pursue post-conviction relief.

Howard subsequently filed the instant habeas corpus petition, in which he presented the following grounds for relief: 1) the trial court lacked jurisdiction to accept his nolo contendere plea because the state did not bring him to trial within 180 days, as required by Michigan's speedy trial statute, Michigan Compiled Laws Annotated § 780.131, and Michigan Court Rule 6.004(D); 2) his nolo contendere plea was not voluntarily or intelligently made because he did not know that it would prohibit him from continuing to challenge the alleged speedy trial violation; and 3) the trial court erroneously denied him credit for the entire time that he was detained in jail prior to the imposition of his sentence. The district court dismissed Howard's habeas corpus petition and subsequently granted his request for a certificate of appealability as to all three grounds for relief. Howard's motions for reconsideration of and to amend the judgment dismissing his habeas corpus petition were denied. Howard has filed a timely appeal.

He requests oral argument and appointment of counsel in his reply brief.

Because Howard's habeas corpus petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), our review of the case is governed by the AEDPA's provisions. *Mason v. Mitchell*, 320 F.3d 604, 613 (6th Cir.2003). Pursuant to the AEDPA, a writ of habeas corpus will not be granted "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim" resulted in an unreasonable application of federal law or an unreasonable determination of facts based upon the evidence presented to the state courts. 28 U.S.C. § 2254(d)(1) and (2).

Upon review, we conclude that the district court properly dismissed Howard's habeas corpus petition, as he failed to demonstrate that the decisions of the Michigan state courts rejecting his first and second grounds for relief were objectively unreasonable so as to constitute an unreasonable application of federal law and his third ground for relief is not cognizable in this federal habeas corpus proceeding.

First, Howard's unconditional nolo contendere plea to the charge of second-degree criminal sexual conduct in the instant case waived his claim that he was denied his constitutional right to a speedy trial. An unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *Tiemens v. United States*, 724 F.2d 928, 929 (11th Cir.1984); *Kowalak v. United States*, 645 F.2d 534, 537 (6th Cir.1981). A nolo contendere plea stands on equal footing with a guilty plea. *North Carolina v. Alford*, 400 U.S. 25, 35–36, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *United States v. Freed*, 688 F.2d 24, 25 (6th Cir.1982). Moreover, the right to a speedy trial is not a jurisdictional issue. *Tiemens*, 724 F.2d at 929; *United States v. Yunis*, 723 F.2d 795, 796 (11th Cir.1984).

Second, the record indicates that Howard's nolo contendere plea was knowingly, voluntarily, and intelligently entered. During the plea colloquy, Howard stated that his plea was offered freely and voluntarily and that he understood the maximum penalty that could be imposed as well as the rights that he would be waiving as a result of his plea. In addition, there is no evidence that the plea was based upon a promise that Howard would receive a certain amount of jail credit toward his sentence. A guilty plea is valid if it is entered voluntarily, knowingly, and intelligently. *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *King v. Dutton*, 17 F.3d 151, 153 (6th Cir.1994).

Third, Howard's remaining ground for relief is not cognizable in this federal habeas corpus proceeding because it challenges the state court's interpretation and application of its sentencing laws and guidelines. A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only. *Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir.1991); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir.1988). "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990)).

Accordingly, Howard's requests for oral argument and appointment of counsel are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.