**Donald KISSNER, Petitioner–Appellant,**

v.

**Carmen Denise PALMER, Warden, Respondent–Appellee.**

No. 16-1320

United States Court of Appeals, Sixth Circuit.

FILED June 23, 2016

## ORDER

Donald Kissner, a pro se Michigan prisoner, appeals from the district court's order denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus. He seeks a certificate of appealability ("COA") and requests appointment of counsel.

In 2004, Kissner was convicted of burning real property in violation of Michigan Compiled Laws § 750.73. *People v. Kissner*, No. 258333, 2005 WL 3481374 (Mich. Ct. App. Dec. 20, 2005). He was ultimately sentenced to eleven to twenty years in prison. *See People v. Kissner*, No. 271977, 2007 WL 2713414, at *1 (Mich. Ct. App. Sept. 18, 2007). Kissner's conviction was affirmed on appeal, and the Michigan Supreme Court denied leave to appeal. *People v. Kissner*, 480 Mich. 1011, 743 N.W.2d 32 (2008).

In 2008, Kissner filed a motion for relief from judgment under Michigan Court Rule 6.500, advancing four grounds for relief: ineffective assistance of trial counsel; judicial bias; improper calculation of the sentencing guidelines; and ineffective assistance of appellate counsel. The trial court held a hearing and denied the motion. When Kissner filed a second Rule 6.500 motion for relief, the trial court denied it, citing Rule 6.502(G), which forbids successive Rule 6.500 motions absent a retroactive change in the law or newly discovered evidence. Likewise, both the Michigan Court of Appeals and the Michigan Supreme Court cited Rule 6.502(G) in rejecting his appeal.

Kissner filed this § 2254 petition in 2010, reprising the four claims he raised in his first Rule 6.500 motion and additionally arguing that the court's upward departure from the Michigan sentencing guidelines was unconstitutional. However, the district court stayed the habeas case while Kissner filed a third Rule 6.500 motion. The trial court denied Kissner's third Rule 6.500 motion on the same basis as his second, and the district court reopened the case. In addition, the district court granted Kissner's request to file an amended petition, in which he added the twelve grounds for relief he advanced in his third Rule 6.500 motion. The district court denied the petition, finding that the grounds raised in Kissner's first Rule 6.500 motion failed on their merits and that Kissner had defaulted his remaining grounds by not raising them until his third Rule 6.500 motion. Kissner now seeks a COA from this court.

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the applicant must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Where the district court has denied the petition on procedural grounds without

reaching the underlying constitutional claims, the petitioner must demonstrate that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right and ... would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Where the state courts adjudicated the petitioner's claims on the merits, the relevant question is whether the district court's application of 28 U.S.C. § 2254(d) to those claims is debatable by jurists of reason. *See Miller–El,* 537 U.S. at 336–37, 123 S.Ct. 1029. Under § 2254(d), habeas corpus relief may be granted on claims that were adjudicated in state court only if (1) the state-court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) the state-court adjudication "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d).

In Kissner's first and fourth grounds, he argued that the trial court misapplied the Michigan Sentencing Guidelines. "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire,* 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (quoting *Lewis v. Jeffers,* 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990)); *see also Howard v. White,* 76 Fed.Appx. 52, 53 (6th Cir. 2003). Therefore, reasonable jurists would not debate the district court's conclusion that Kissner is not entitled to habeas corpus relief on these grounds.

In his third ground for habeas relief, Kissner asserted that the trial court judge improperly refused to recuse himself, despite an alleged past relationship between Kissner and the judge's daughter. Under 28 U.S.C. § 455(b)(1), a judge must disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." "Prejudice or bias in this context means 'a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it rests upon knowledge that the subject ought not possess ..., or because it is excessive in degree....'" *Williams v. Anderson,* 460 F.3d 789, 814 (6th Cir. 2006) (quoting *Liteky v. United States,* 510 U.S. 540, 550, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)).

Kissner made the same allegations in *Kissner v. Romanowski,* No. 14–1634 (6th Cir. Oct. 9, 2014). That habeas case arose from Kissner's 2009 convictions for attempted obstruction of justice and tampering with evidence based on Kissner's false affidavit in which he invented the clandestine relationship and an illegitimate child. Knowing that Kissner was convicted for falsifying evidence of bias, and given this court's opinion in *Kissner v. Romanowski,* no reasonable, objective person would question the trial judge's impartiality in Kissner's earlier case, and therefore no reasonable jurist would debate the district court's denial of relief on this ground.

Returning to Kissner's second ground, he argued that his trial counsel was ineffective in four instances: failing to move for recusal based on judicial bias; failing to investigate and present an insanity defense; failing to object to "other acts" evidence; and referring to SCAN examination results. He also cited the cumulative effect of his attorney's error. To prove ineffective assistance of counsel, a habeas petitioner must show that his attorney's performance was objectively unreasonable and that he was prejudiced as a result. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The standard is "highly deferential," *id.* at 689, 104 S.Ct. 2052, and "doubly so" on federal habeas review. *Harrington v.*

*Richter*, 562 U.S. 86, 105, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011) (citation omitted).

For the reasons discussed above, there was no basis to seek recusal and therefore counsel was not ineffective for failing to do so.

■ Likewise, reasonable jurists would not disagree with the district court's rejection of Kissner's second instance of ineffective assistance. In Michigan, the insanity defense exists to excuse a defendant who "was legally insane when he or she *committed the acts constituting the offense.*" Mich. Comp. Laws § 768.21a (emphasis added). According to Kissner, his bipolar disorder caused him to consume cleaning products while in prison. But he makes no argument, express or implied, that his mental illness affected his capacity at the time of the crime, and he therefore could not have satisfied the elements of an insanity defense. Further, the district court recognized that using an insanity defense first requires the defendant to admit committing the criminal conduct. To say nothing of the sound strategic value of avoiding such a tack, Kissner himself includes "actual innocence" as a ground for relief in his amended habeas petition; counsel was not ineffective for failing to raise a defense Kissner himself would argue was factually wrong.

■ Kissner also asserted that his counsel was ineffective for failing to challenge testimony concerning his violent behavior toward police and a past assault for which he was never charged. The district court determined that counsel's decision not to object was strategically designed to draw attention away from the testimony and on to other issues.

■ In some instances, "not drawing attention to the statement may be perfectly sound [strategy]." *United States v. Caver*, 470 F.3d 220, 244 (6th Cir. 2006). And considering that Kissner was on trial for arson, not assault, "focusing undue attention on the matter" was undesirable. *Cobb v. Perini*, 832 F.2d 342, 347–48 (6th Cir. 1987). Moreover, the prejudice inquiry requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. Kissner made no showing that objecting to or preventing testimony about the alleged assaults would have affected his conviction for arson, and therefore he has failed to show he was prejudiced by his counsel's decision not to.

■ Kissner next argued that his counsel imprudently mentioned the "SCAN questionnaire"—a written interrogation tool for eliminating suspects—in the presence of the jury. The SCAN is similar to a polygraph in that it helps officers narrow the focus of their investigation. By analogy, Kissner argued that its mention at trial was improper in light of Michigan's blanket prohibition of references to polygraph testing and the perceived certainty of scientific examinations. The district court denied relief on this ground because the actual results of the SCAN examination were never shared with the jury and therefore any effect on the trial was speculative.

Reasonable jurists would not disagree. Kissner suggested that "[t]he obvious inference arising from knowledge that [the Officer] administered a SCAN examination to the Defendant was that he flunked the examination," but this is speculation, as is his assumption that "[s]uch an inference could only have severely damaged any likelihood that the jury would have reasonable doubt."

Lastly, Kissner argues that the cumulative effect of his counsel's errors rendered the entire representation ineffective. However, the Supreme Court has not recognized cumulative error as a basis for relief

in non-capital cases. *See Lorraine v. Coyle*, 291 F.3d 416, 447 (6th Cir. 2002). Reasonable jurists would not debate the district court's conclusion that neither this nor any of Kissner's alleged instances of ineffective assistance supports habeas relief.

■■■ Kissner's fifth ground for relief charges his appellate counsel with ineffective assistance for failing to raise his first four grounds on direct appeal. In the context of an ineffective-assistance-of-appellate-counsel claim, the *Strickland* analysis requires a petitioner to show that the omitted claims were "clearly stronger than those presented" on direct appeal. *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002).

■■■ Although errors in the application of state sentencing guidelines like those alleged in Kissner's first and fourth grounds cannot independently support habeas relief, they can form the basis of ineffective-assistance claims. Still, Kissner cannot advance a claim of ineffective assistance of appellate counsel for failure to raise his first ground—the trial court's lack of an "objective and verifiable" reason for its departure from the Michigan sentencing guidelines—because that issue *was* raised on appeal. *See Kissner*, 2005 WL 3481374, at *2. In addition, his appellate counsel was not ineffective for failing to challenge his habitual-offender status. At sentencing, Kissner raised the issue with the trial court, which explained that when a choate crime would be a felony, the attempt to commit that crime is considered a felony for purposes of the Michigan habitual-offender analysis. Kissner has not provided any persuasive argument undermining the trial court's reasoned logic or otherwise shown that this issue was clearly stronger than any his appellate counsel did raise. And Kissner's other two grounds failed for the reasons discussed above, so appellate counsel had no obligation to raise them on appeal. Reasonable jurists would

not debate the district court's denial of relief on this ground as well.

Kissner's remaining grounds were raised for the first time in his third Rule 6.500 motion for relief from judgment. The trial court denied the motion without reaching the merits under Rule 6.502(G), and the Michigan Supreme Court denied his application for leave to appeal, citing the same provision. Rule 6.502(G) states that "one and only one motion for relief from judgment may be filed with regard to a conviction" absent "a retroactive change in the law that occurred after the first motion" or "new evidence that was not discovered before the first such motion."

■■■ When a state court refuses to consider a habeas claim "due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim, that claim is procedurally defaulted and may not be considered by the federal court on habeas review." *Seymour v. Walker*, 224 F.3d 542, 549–50 (6th Cir. 2000) (citing *Wainwright v. Sykes*, 433 U.S. 72, 80, 84–87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)). A petitioner may avoid this procedural default only by showing that there was cause for the default and prejudice resulting from the default, or that a miscarriage of justice will result from enforcing the procedural default in the petitioner's case. *See Sykes*, 433 U.S. at 87, 90–91, 97 S.Ct. 2497. In order to establish cause, a habeas corpus petitioner must show that "some objective factor external to the defense" prevented the petitioner's compliance with a state procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

■■■ Kissner apparently argues that his default was due to ineffective assistance of appellate counsel. He also states that he was denied the opportunity to file a supplemental brief on direct appeal, implying that had he been allowed, he would

have exhausted his claims. These arguments are irrelevant: the default occurred in his first post-conviction proceeding and had nothing to do with his appeal. Besides, Kissner was acting pro se during his post-conviction proceedings and therefore could have raised the claims on his own. He also blames the trial court for denying his motion for appointment of counsel, but there is no right to counsel in a post-conviction action. *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987).

Kissner's first five claims fail on their merits and his remaining claims are procedurally defaulted. Accordingly, his application for a COA and his motion for appointment of counsel are **DENIED**.