*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DARON MANDEL EVANS,

Defendant-Appellant.

UNPUBLISHED
August 15, 2024

No. 368063
Oakland Circuit Court
LC No. 2012-243961-FC

Before: O'BRIEN, P.J., and CAVANAGH and SHAPIRO*, JJ.

PER CURIAM.

After remand,[1] defendant appeals as of right his August 14, 2023 resentencing for his January 28, 2014 jury trial convictions of one count of delivery of a controlled substance causing death, MCL 750.317a; and two counts of delivery of a controlled substance, less than 50 grams, MCL 333.7401(2)(a)(*iv*). The resentencing court resentenced defendant, as a second-offense habitual offender, MCL 769.11, to 14 to 60 years' imprisonment for the delivery of a controlled substance causing death conviction, and to 5 to 30 years' imprisonment for each delivery of a controlled substance conviction with credit for all time served. We affirm on the basis of law of the case.

## I. BACKGROUND

### A. FACTS

This case arises out of the death of the victim from drug intoxication after using heroin that his friends purchased from defendant on February 24, 2012. On that date, the victim was playing cards and drinking with three friends, including Adam Utley, Nicholas Rossow, and Justin

---

[1] *Evans v Rewerts (On Remand)*, unpublished opinion of the United States District Court for the Eastern District of Michigan, issued April 25, 2023, (Case No. 2:19-cv-10760) (*Evans IV*).

*Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

Croteau, at a home in Ferndale, Michigan. The group decided to obtain cocaine. Croteau contacted defendant to "score some blow." Croteau drove with Rossow to defendant's house in Detroit, Michigan, and defendant handed Croteau a "little packet of narcotics." They returned to the Ferndale home. Each of the four friends "did two lines a piece." After inhaling the substance, all four men felt extremely tired. The victim spent the night at the Utley's home. The following morning, Utley found the victim unresponsive and called the police.

The victim was pronounced dead, and an autopsy was performed. The victim's blood tested positive for an opiate and morphine, which results as the body metabolizes monoacetylmorphine, i.e., 6-MAM, an identifier of heroin. The victim's blood also contained codeine, a common contaminant in heroin. A medical examiner, Dr. Kanu Virani, opined that the victim's cause of death was "drug intoxication." Defendant was arrested, criminally charged and ultimately convicted by a jury. At sentencing, the trial court scored OV 3 at 25 points, OV 5 at 15 points, OV 6 at 50 points and OV 9 at 10 points.

Defendant appealed to this Court, challenging his conviction and the scoring of OV 6. We affirmed his convictions, as well as the trial court's assessment of 50 points for OV 6, and concluded that defendant was not entitled to resentencing. *People v Evans*, unpublished per curiam opinion of the Court of Appeals, issued July 16, 2015 (Docket No. 321909) *(Evans I)*.[2] The

---

[2] *Evans I*, unpub opinion at 4-5, explained its reasoning for upholding the scoring of OV 6 as follows:

> In this case, defendant maintains that there was no evidence he intended to kill Brown and that, in the absence of such evidence, OV 6 could only be scored 50 points in relation to a felony-murder conviction. However, defendant's attempt to limit the scoring of OV 6 at 50 points to cases involving premeditated intent to kill or a felony murder conviction under MCL 750.316(1)(b) is unavailing. According to the plain language of OV 6, "the scoring of 50 points is appropriate when the offender has the premeditated intent to kill or the killing was committed in the course of the commission of one of the enumerated offenses." *People v Bowling*, 299 Mich App 552, 561; 830 NW2d 800 (2013) (emphasis in original). The statute does not require a felony murder conviction. Rather, in the absence of a premeditated intent to kill, all that is required by the statutory language is that the killing occurred in the course of committing or attempting to commit one of the enumerated offenses. See *id*.
>
> One of the enumerated crimes listed in OV 6 is a "major controlled substance offense." MCL 777.36(1)(a). By statute, "a major controlled substance offense" is defined to include violation of MCL 333.7401(2)(a). MCL 761.2(a); *People v Fetterley*, 229 Mich App 511, 526-527; 583 NW2d 199 (1998). As noted, MCL 333.7401(2)(a) prohibits delivery of a schedule 1 or 2 narcotic, and defendant violated this provision by delivering heroin to Croteau. See MCL 750.317a. Because defendant delivered the heroin that killed the victim, a killing occurred

Michigan Supreme Court denied defendant's application for leave to appeal this decision. *People v Evans*, 499 Mich 875 (2016).

## B. FEDERAL HABEAS CORPUS PROCEEDINGS

After two unsuccessful attempts to obtain postjudgment relief under MCR 5.901 *et seq.* in the trial court, defendant filed a habeas corpus petition in the United States District Court for the Eastern District of Michigan, asserting six claims:

> (1) insufficient evidence was presented at trial to establish that heroin supplied by [defendant] caused the victim's death, (2) the sentencing guidelines were incorrectly scored under Michigan law, (3) [defendant's] trial counsel was ineffective for failing to object to the scoring of the guidelines, (4) the scoring of the guidelines also violated [defendant's] Sixth Amendment jury trial rights, (5) [defendant's] trial counsel was ineffective in presenting [defendant's] defense, and (6) [defendant's] appellate counsel was ineffective for failing to present meritorious claims on appeal. [*Evans v Rewerts*, unpublished opinion of the United States District Court for the Eastern District of Michigan, issued January 8, 2021 (Case No. 2:19-cv-10760) (*Evans II*), p 1, vacated in part by *Evans v Rewerts*, unpublished opinion of the United States Court of Appeals for the Sixth Circuit, entered June 22, 2022 (Case No. 21-1190) (*Evans III*).][3]

Defendant's claims were denied by the federal district court. The district court concluded that plaintiff had procedurally defaulted on claims 4, 5 and 6. It further found that claim 1 was without merit. And as to claims 2 and 3, the court concluded that they were not subject to habeas review as they were based solely on allegations of error under state law. The federal district court granted "a certificate of appealability" limited to defendant's fourth claim, i.e., that the trial court erred by scoring his sentencing guidelines based on judge-found facts, a practice found unconstitutional in *Alleyne v United States*, 570 US 99, 103 (2013). *Id.* Defendant then appealed this issue to the United States Court of Appeals for the Sixth Circuit. At the Sixth Circuit, the prosecution made two concessions. First, that defendant had not procedurally defaulted as to the *Alleyne* challenge and so the issue should have been considered on the merits by the district court. Second, that under *Alleyne*, the use of judge-determined facts in scoring the guidelines was a Sixth Amendment violation. However, the prosecution argued that the *Alleyne* error was harmless because OV 3 and OV 6 were scored on jury-found facts and therefore the relevant guideline range would not change even assuming that the scoring of other OV's had violated *Alleyne*. The Sixth Circuit therefore remanded for the district court to consider whether the conceded *Alleyne* error was harmless.

---

> while defendant committed a major controlled substance offense and OV 6 was thus properly scored at 50 points.

[3] *Evans II* can be located on Westlaw at 2021 WL 10865533. *Evans III* can be located on Westlaw at 2022 WL 19575933

On remand from the Sixth Circuit, the federal district court conditionally granted the petition for writ of habeas corpus, finding "the *Alleyne* error was not harmless." *Evans v Rewerts (On Remand)*, unpublished opinion of the United States District Court for the Eastern District of Michigan, issued April 25, 2023, (Case No. 2:19-cv-10760) (*Evans IV*), pp 1-4.[4]  The district court went on to state that "for the sake of argument," it would accept defendant's position that if the *Alleyne* error was corrected, "the guidelines should have been scored to a lower range" than the 171 to 356 months range that the sentencing court had relied on.  The federal district court stated: "[W]hile it is true that [defendant's] [18 year minimum] sentence fits in both guidelines ranges, the difference is between imposing a sentence towards the bottom of the wrong range or towards the top of the correct range."  *Id*.  As a result, "the *Alleyne* error had a substantial influence or impact on the result of [defendant's] sentencing proceeding."  *Id*. at 3.  As a remedy, the federal district court concluded "that a full resentencing would best cure the *Alleyne* violation here.  A full resentencing proceeding will afford [defendant] a full opportunity to make any arguments in support of a departure from the non-mandatory and lower guidelines range."  *Id*.  The federal district court ordered resentencing within 120 days, or defendant "may apply for a writ ordering [the State] to release him from custody."  *Id*. at 4.

## C.  RESENTENCING HEARING

Defendant was resentenced before the Oakland County Circuit Court on August 10, 2023.  The prosecution conceded that OV 5 and OV 9 should be scored at zero points and noted that "OV 5 was the basis for the—the *Alane* [sic] violation. . . ."  The court expressed confusion about which OVs were being challenged by defendant, noting that defendant's resentencing memorandum also referred to OV 3 and OV 6.  It then heard arguments as to whether the scoring of OV 3 was based on jury or judge findings.  The prosecution argued that the jury's verdict provided the necessary grounds to score OV 3.  However, the trial court disagreed and scored OV 3 at zero because it concluded that there was no evidence at trial to support a finding that the victim sustained a physical injury, rather than death.

As to OV 6, defense counsel requested the resentencing court assess zero points because "there was no death" at the time of delivery and the victim "came into contact with that controlled substance through another party."  The defense did not argue that OV 6 had been scored in violation of *Alleyne*.  Moreover, the resentencing court noted that the jury's verdict constituted a finding that the victim died and that the death was due to defendant having committed a major controlled substance offense, thereby resolving any *Alleyne* challenge to the scoring of OV 6.  The court declined to reduce the scoring of OV 6 on the grounds of law of the case since the issue had been resolved in defendant's appeal of right, stating that it "[had] no authority to overrule [the Court of Appeal's] opinion."

The change in assessment of OVs 3, 5 and 9 to zero points reduced the total OV score to 50 points, making it an OV Level III, with a recommended minimum sentence range of 108 to 225 months' imprisonment.  Given this change in guideline range, the resentencing court reduced

---

[4] *Evans IV* can be located on Westlaw at 2023 WL 3075884.

defendant's original minimum sentence by four years to 14 years and ordered credit for all time served to date of sentencing. Defendant now appeals.

## II. ANALYSIS

Defendant argues that resentencing court erred when it declined to revisit this Court's prior decision regarding OV 6, citing law of the case. We disagree and conclude that both the resentencing court and this Court are bound by law of the case.[5]

The law of the case doctrine has a long history in Michigan. See *CAF Investment Co v Saginaw Twp*, 410 Mich 428, 454; 302 NW2d 164 (1981), citing *Pierce v Underwood*, 112 Mich 186, 186-187; 70 NW 419 (1897). The doctrine provides that once an appellate court has resolved a legal question and remanded the case for further proceedings the legal question will not be differently determined in subsequent proceedings in the same case where the facts remain materially the same. See *Grievance Administrator v Lopatin*, 462 Mich 235, 259; 612 NW2d 120 (2000). "[A]s a general rule, an appellate court's determination of an issue in a case binds lower tribunals on remand and the appellate court in subsequent appeals." Id. at 260. The purpose of the doctrine is to promote consistency and to avoid reconsideration of matters once decided during litigation. See *Schumacher v Dep't of Natural Resources*, 275 Mich App 121, 128; 737 NW2d 782 (2007). The doctrine promotes finality and prevents forum-shopping as well. See *Int'l Union, UAW v Dep't of Mental Health*, 211 Mich App 20, 24; 535 NW2d 210 (1995), citing *People v Radowick*, 63 Mich App 734, 739; 235 NW2d 28 (1975).

As we explained in *Kasben v Hoffman*, 278 Mich App 466, 470; 751 NW2d 520 (2008):

> [w]hen this Court disposes of an appeal by opinion or order, the opinion or order is the judgment of the Court. And a lower court may not take action on remand that is inconsistent with the judgment of the appellate court. Rather, the trial court is bound to strictly comply with the law of the case, as established by the appellate court, according to its true intent and meaning. [citations and quotation marks omitted.]

It is undisputed that this Court considered and ruled on the OV 6 issue in defendant's appeal of right. Accordingly, consistent with the law of the case doctrine, neither we nor the resentencing court may revisit that question unless the Sixth Circuit's remand order requires us to do so.

Defendant argues that the Sixth Circuit's use of the term "full resentencing" requires the resentencing court to consider all issues, even those on which this Court had ruled. We disagree for two reasons. First, there was only one issue before the Sixth Circuit - whether the sentencing court had scored the guidelines based on judge-made findings of fact rather than those necessarily

---

[5] This Court reviews de novo, as a question of law, whether and to what extent the law of the case doctrine applies. See *Kasben v Hoffman*, 278 Mich App 466, 470; 751 NW2d 520 (2008). This Court similarly reviews de novo whether a lower court properly followed an appellate court's decision. See *Schumacher v Dep't of Natural Resources*, 275 Mich App 121, 127; 737 NW2d 782 (2007).

determined by the jury.[6]  Second, at least at the time the habeas petition was granted, the law in the Sixth Circuit was that where an *Alleyne* error had occurred, the federal district court had discretion to remand for a *Crosby*[7] hearing or for a full resentencing. See, *Morrell v Wardens*, 12 F 4th 626, 634 (CA 6, 2021).  The former procedure allows a trial court to determine whether the scoring error would result in a change in the sentence it imposed, and if not, it need not hold a resentencing.  The latter requires a resentencing hearing at which defendant has the right to be present.

As noted above, defendant raised six issues in his habeas petition, one of which was that the guidelines had been scored improperly.  The federal district court rejected all six arguments and particularly noted that a habeas petition cannot raise challenges based solely on state law, e.g. the scoring of state sentencing guidelines absent a constitutional issue.  While the district court did issue a certificate of appealability to the Sixth Circuit, it permitted an appeal only as to the *Alleyne* issue, i.e. whether defendant's OVs were scored on the basis of judge-found facts.  *Evans II*, unpub op at 9.  Accordingly, whether OV 6 was properly scored under state law was never even before the Sixth Circuit.  In addition, although defendant relies on the use of the phrase "full resentencing," in the remand order, defendant fails to consider language in the remand order stating that the purpose of the remand was to provide him with "a full opportunity to make any arguments

_____

[6] Judicial fact-finding was not used to score OV 6, and OV 6 did not involve a constitutional issue.  Importantly, "federal habeas corpus relief does not lie for errors of state law," and "errors in the application of state sentencing guidelines . . . cannot independently support habeas relief. . . ." *Kissner v Palmer*, 826 F3d 898, 902, 904 (CA 6, 2016) (alteration omitted).  Indeed, the federal district court recognized this limitation itself in *Evans II*, unpub op at 6:

> To the extent Petitioner maintains that he is entitled to habeas relief because the trial court erred under state-law principles governing the scoring of the sentencing guidelines, his claim is not cognizable because "federal habeas corpus relief does not lie for errors of state law," *Kissner v Palmer*, 826 F3d 898, 902 (6th Cir. 2016) (quoting *Estelle v McGuire*, 502 US 62, 67[; 112 S Ct 475; 116 L Ed 2d 385] (1991)), and therefore "errors in the application of state sentencing guidelines ... cannot independently support habeas relief." *Id*.  Here, the Michigan Court of Appeals conclusively determined that the sentencing court correctly scored the guidelines under Michigan law.  That determination cannot be second-guessed by a federal habeas court.  See *Bradshaw v Richey*, 546 US 74, 76[; 126 S Ct 602; 163 L Ed 2d 407] (2005); *Sanford v Yukins*, 288 F3d 855, 860 (6th Cir. 2002).

Thus, in the federal courts' habeas review, they could not determine whether the sentencing guidelines were misscored under Michigan law.  Rather, the review was limited to determining whether defendant's federal constitutional rights were violated by scoring the mandatory sentencing guidelines based upon judge-found facts not supported by the jury's verdict or defendant's own admission.

[7] *United States v Crosby*, 397 F 3d 103 (CA 2, 2005).

in support of a departure from the non-mandatory and lower guidelines range," i.e. the *Alleyne* issue.

At resentencing, the circuit court noted that the parties agreed OV 5 and OV 9 should each be assessed zero points. Then the resentencing court heard defendant's arguments as to OV 3— the scoring of which had not been challenged in his direct appeal—and agreed the sentencing court had not clearly set forth its reasons for scoring it. It therefore concluded that OV 3 should be analyzed "anew," and held that zero points should be assessed for OV 3 because "there is no evidence that the heroin caused a life threatening or permanent incapacitating injury."

Defendant challenged the scoring of OV 6 at the resentencing, but did not argue that the scoring of OV 6 violated *Alleyne*. Defendant argued only that it had been misscored under state law, the exact issue that had been addressed by this Court in defendant's appeal of right. Given that the basis for scoring OV 6 had already been considered and decided by this Court and that the issue of whether the OV was properly scored under state law was not even before the Sixth Circuit, we reject the argument that the Sixth Circuit's order required us to ignore the law of the case doctrine and again consider whether OV 6 was properly scored.

Our conclusion is further bolstered when one considers the context in which the federal district court remanded for a "full resentencing." Defendant argues that this means that all sentencing issues were back on the table. We disagree. As noted above, upon finding that there had been an *Alleyne* error, the district court could order either of two remedies; it could remand for a *Crosby* proceeding or for "full resentencing," the latter of which would require a full hearing, the presence of the defendant and an opportunity to argue why the trial court should impose a different sentence. See *Morrell v Wardens*, 12 F 4th 626, 634 (CA 6, 2021). We conclude therefore that the use of the term "full resentencing" was intended to require a resentencing rather than a *Crosby* ruling. We do not read it as directing us to override the law of the case as to issues already determined by this Court that were never considered by the Sixth Circuit.

Moreover, once the Michigan Supreme Court decided *Lockridge*, any constitutional error under *Alleyne* lay not in the scoring of the guidelines (because the guidelines could be scored with judge-found facts since the guidelines were now advisory rather than mandatory). In *Morrell*, 12 F 4th at 634, the court discussed both the purpose of the habeas remedy and the advantages of ordering a resentencing:

> The primary goal of a habeas remedy is to cure the constitutional violation, *Ewing* [*v Horton*, 914 F3d 1027, 1032–33 (CA 6, 2019)], which in this appeal was the application of mandatory sentencing guidelines based in part on judicially found facts. There are valid reasons why a court may decide that a full resentencing hearing, which allows a defendant to appear in court and make new arguments based on the advisory guideline range, more effectively cures the constitutional violation than a more limited *Crosby* hearing.

Therefore, post-*Lockridge*, the constitutional violation to be cured is a sentencing judge's misapprehension that the sentencing guidelines are mandatory rather than advisory, rather than the fact that the guidelines were scored based upon judge-found facts. As for the Sixth Circuit's

apparent preference for a resentencing rather than a *Crosby*[8] hearing, *Morrell*, 12 F 4th at 634, notes that a resentencing hearing "allows a defendant to appear in court and make new arguments based on the advisory guideline range" and that a *Crosby* hearing would deprive a defendant "of the chance to make an argument that the court should depart from the guidelines under a sentencing scheme where such departures were more likely." (Internal quotation marks and citation omitted.)

Accordingly, because the *Evans IV* Court could not consider whether the sentencing court correctly scored the guidelines under Michigan law, the sentencing court's decision and this Court's decision in *Evans I* concerning the assessment of 50 points to OV 6 could not be second-guessed by the federal district court and the circuit court did not err when it declined to revisit OV 6 at the resentencing absent allegations of an Alleyne error. See *Sanford v Yukins*, 288 F3d 855, 860 (CA 6, 2002).

## III. CONCLUSION

The resentencing court did not err by refusing to reconsider the assessment of 50 points to OV 6. The resentencing court complied with the remand order, which instructed it to conduct a full resentencing for the purpose of correcting any *Alleyne* error. This holding renders the remainder of defendant's arguments on appeal moot. Defendant is not entitled to resentencing.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Mark J. Cavanagh
/s/ Douglas B. Shapiro

---

[8] *United States v Crosby*, 397 F 3d 103 (CA 2m 2005).